*Kent, J.
This is not a question on the propriety of the verdict, in respect to the evidence given. The facts are not stated in the case, nor any dissatisfaction alleged with the verdict, upon the evidence received. We, therefore, cannot say or intend, that the verdict is against evidence; nor can we say how far this general confession of the plaintiff, if it had been received, would have varied the decision, because we have no lights by which the testimony can be compared. *
The question is, then, simply whether it was the duty of the judge, under the circumstances of the case, to have received the witness at the time he was offered 1
It can never be claimed by either party, at trial, as a matter of strict right, to open the cause to proof, after full opportunity has been given to each side to be heard, and the testimony has been regularly, and by mutual consent, closed. It was, therefore, properly admitted, upon the argument of this motion, that the subsequent admission of testimony must rest upon the discretion of the court, duly exercised, according to the circumstances of the case. The parties must come to trial prepared, at their peril; and if either party has any good excuse for not being prepared, he is entitled, of right, to a postponement of the trial.
It has, therefore, repeatedly been held (2 Salk. 645,753 ; 6 Mod. 222,) that the subsequent allegation of a party, that he was not prepared, is no reason for granting a new trial, unless it be founded on the discovery of testimony of which the .party was not at the time apprized.
In the present case the defendant was apprized of the testimony of the absent witness, for he had subpoenaed him, *319 and it seems he was willing to hazard the experiment of a defence without him. It is not stated in the case, although it is probably the fact, and so I consider it, that the defendant did not know the witness had arrived *from Philadelphia until he came into court on the second day. But when he was offered, a long examination on each side had closed, and the counsel were commenting on the proofs. If, however, the plaintiff and his witnesses had been present, I think it would have been reasonable to have examined the witness. No injury to the plaintiff could have resulted. But after the counsel for the defendant had declared they had done with the examination of witnesses, and the plaintiff and his witnesses had, in consequence of it, left the court, it would then have been unreasonable to have received the witness, unless the plaintiff with his witnesses had been recalled. I do not think that witnesses are bound to stay after the parties have declared they have done with the proofs ; for this is equivalent to a discharge of the parties. If the witness had been received, and had testified what he was offered to prove, it might have made a decisive change in the weight of the proofs. It would, in fact, have been a fresh trial of the cause ; and unless the plaintiff had full opportunity to have been present with his witnesses, to have repelled the testimony, if in his power, he would have just cause to complain, on the ground of surprise, and it would perhaps have been sufficient cause for a new trial if the verdict, under such circumstances, had passed against them.
I cannot, therefore, say, that in the present case the judge has not exercised a due discretion. If the question was now for a new trial, on the merits of the case, the facts stated might probably have their influence upon the determination ; but as the merits are not before us, we are confined by the case to the simple question, whether, under the circumstances, herein stated, the judge was bound, in sound discretion, to have received the witness.
I am of opinion that the motion ought to be denied.
*321 *Lansing, Ch. J. and Lewis, J. were of the same opinion.
Rad cliff, J. was absent.
Hule granted.(a)(b)

(a) [Old note.] See Edwards and others v. Sherratt, 1 East, 604.

(b) In the case of Mercer v. Sayre et al. (7 Johns. R. 306,) it was decided that where the counsel for the defendant, after he had summed up the evidence in the cause, and while the plaintiff’s counsel was addressing the jury, discovered new and material evidence, which he offered to produce ; but the judge, supposing he had no discretion, refused to admit it, unless the plaintiff’s counsel would consent, which being refused, a verdict was found for the plaintiff; it was held, that the judge had a discretion to admit the evidence; and that, therefore, the defendant was entitled to a new trial; and in Jackson, ex dem. Johnson v. Tallmadge, (4 Cowen, 450,) it was held that after the regular examination of witnesses upon a trial is through, and the counsel for the defendant has commenced summing up, it is iu the discretion of the judge whether he will hear further evidence. These cases, together witli the principal ease, are cited and approved in Merrils v. Law, 9 Cowen, 65, 68. (See also People v. Rector, 19 Wend. R. 569. People v. Mather, 4 Wend. R. 229, 248. Curren v. Connery, 5 Binney, 488. The State v. Silver, 3 Dev. 332. Freleigh v. The State, 8 Mis. 606. Brown v. Burrus, id. 26.)