*General Sessions*, 1819.

The People *vs.* Catharine Harper. *Burglary.*

The prisoner was convicted of a burglary, and, on a Statement of motion for a new trial, the following decision was made the case. by the court :

*Colden, Mayor.*—The prisoner was indicted for a burglary, in the house of Jacob H. Varian, and stealing therefrom a pocket-book, money, &c. to the value of more than $200, his property. She was found guilty of grand larceny. Upon her arraignment her counsel suggested, that since her conviction facts had been discovered which, if they had been proven on the trial, would have induced the jury to have rendered a verdict in her favor ; and they desired time to present these facts by affidavits, and to ground on them a motion for a new trial. The court thereupon suggested for the consideration of the counsel,

1st. Whether a new trial could be granted in a case of felony, on the merits.

2d. Whether this court was competent to grant a new trial, in such a case.

A modern English writer on criminal law says, that it seems to be completely settled, that no new trial can be See Noah M; granted in any case of treason or felony. 1 Chitty's C. case, 2 City H. L. 664.; and this position is fully supported by the author- R. 33. M. M. ities which he cites. In the case of the King v. Mawbry, Noah's case, *ib.* vol. 3. 23, 24.

NEW YORK, 1 T. Rep. 639. Ld. Kenyon, Chief Justice, says, that in cases greater than misdemeanors, no new trial can be granted. In the case of the king v. The Inhabitants of Oxford, 13 East, 416 (in notes) we are informed by a note of the reporter, that upon the debate of all the judges on a new trial in Margaret Tinsell's case who had been convicted of a felony, in 1781, it seemed to be considered that it could not be.

When first granted.

New trials in civil cases are not comparatively of very ancient date. The first of which we have any notice, was granted in the year 1648. 1 Burr. Rep. 390. And this proceeding appears to have been introduced into the administrations of criminal law, cotemporaneously, or very soon after. Though it be said, in a note to the extraordinary and mysterious case of Simon, the Jew, who was tried for a misdemeanor, in the year 1752, that that was the first instance of a new trial having been granted in a criminal case, (10 State Tr. p. 416.) yet it will appear, by the cases noticed in the sequel, that the practice had then long prevailed.

The expression of Blackstone, (4 Com. 351.) would lead us to suppose that in his opinion, the highest as well as the lowest criminal case might, where the verdict was against the prisoner, be reviewed by a new trial ; and indeed, it is not easy to give any satisfactory reason why a person convicted of a high crime, should be denied those advantages which it is universally acknowldged, are derived from granting new trials in civil and inferior criminal cases. Yet all the authorities cited by Blackstone in support of his general position, are cases of misdemeanor. The one is the case of Simon, the Jew,

above mentioned, who had a new trial after a conviction NEW-YORK, for a misdemeanor; another, is the case of the King v. Read, 1 Sid. 153. S. C., who in the year 1672 was indicted for perjury, of which he was acquitted; and the third is the case of the King v. Smith, Jones' Rep. 163., which was also a case of perjury, in which, in the year 1693, a new trial was awarded after a verdict for the King.

6 T R. 625.
In the earliest of these cases, the important limitation to 633. that a new trial can only be granted on the prayer of the defendant, is fully recognized; and it is also there said, that they can only be granted in cases criminal, not capital.

6 T. R. 638.
From these remote times, though there are frequent in-13 East, 416, stances of new trials, in cases of misdemeanors, yet no Chitty's C. L. 533. precedent can be found of a new trial having been granted on the merits, in a case of felony. Our own courts have sanctioned and acted on this distinction.

In the case of The People v. Townsend, 1 Johns. Cas. 104., who was convicted of perjury, the Supreme Court advised a new trial, on the report of the judge of oyer and terminer, who tried the cause, that the verdict was against evidence.

A new trial
In the case of The People v. The Justice of Chenan-will not be go, 2 Johns. Cas. 319. Kent, Chief Justice, in delivering granted in a criminal case, the opinion of the Supreme Court, says, that the power on the ground of granting a new trial, after verdict, is not exercised by that further testimony, to that court in case of felony. Upon a renewed appli-impeach the cation, in the same case, 1 Johns. Cas. 179., in the judg-credibility of

NEW-YORK, ment of the court it is said, "Besides, this is a case of felo-
"ny, in which considerations of policy and expediency
"would prevent this court from granting a new trial. In
"such cases, the practice is to recommend the convict to
"pardon."

a witness has
been discover
ed, his charac-
ter having
been testified
to at the trial.
3 Mass. Rep.
261.

. Though we may be at a loss to discover the considera-
tions of policy and expediency which oblige us to deny
to one whom we may think illegally convicted of high
crimes, those advantages to which he would be entitled to
if he had been pronounced guilty of a minor offence, yet
we are bound to submit to the law, as we find it settled
by preceding adjudications.    It would be our duty to do
so, were this court, in every respect, equal to that to
whose decision we have appealed ; but it would be a very
unwarrantable presumption in a tribunal constituted as
this is, to attempt to introduce a new rule of law, on any
doubts it might have of the expediency or policy of former
decisions.

The case of the United States v. Fries, 3 Dall. 516.,
is not in opposition to the decision of our Supreme Court.
He was convicted of treason, and a new trial was granted
on the ground that one of the jurors had expressed opin-
ions which would, had they been known, and presented
as objections to his competency, at a proper time, have
disqualified him to sit as a juror.    This was not, there-
fore, a new trial, granted on the merits.

The opinion that this court, admitting it had all the
powers of the Supreme Court, would not grant a new
trial in this case, renders a decision of the second point,
which was suggested by the counsel to the court, unnec-

essary. Whether the New York Sessions, in virtue of NEW-YORK, the acts giving it special powers, 1 Rev. Laws, 318. 335. 2 R. L. 150. n. § 9., is not to be considered as a superior court, as to all cases which it is authorized to try, is a question which, as it is not nècessary, we do not mean to decide. If its being subject to the mandates and supervision of the Supreme Court, determine it to be an inferior court, as is supposed, in the case of the justices of Chenango, then, undoubtedly, this is an inferior court, and so must be our courts of oyer and terminer; though it appears that a court of oyer and terminer was established in the late colony of New York, with the highest criminal jurisdiction, before the Supreme Court had existence. 1 Rev. L. 318, 335, and notes.

It must be observed, also, that it is not now decided that this court cannot grant a new trial, even admitting it to be an inferior court, when the first trial was incomplete, where there has been a mis-trial, or where there have been certain irregularities in the first trial.

Perhaps the power to grant new trials, for certain just causes, which cannot appear in the record of their proceedings, if they should be removed to a superior court, is necessarily incident to every court that has power to try.*

But these are questions we shall reserve for further consideration, when it becomes necessary to decide them.— The extent of our present decision is, that we cannot grant the application for a new trial, in this case, it being a case of felony, and the application being on the merits.

NEW YORK, *NOTE.—In the case of the Commonwealth v. Green, 17 Mass. Rep. 515.
Parker, chief justice, speaking of the power of the court to
grant new trials in case of felony, says:

3 Dall. 516.

" We think there is a power in this court to grant a new trial, on the
motion of one convicted of a capital offence, sufficient cause
being shown therefor, notwithstanding the English courts
are supposed not to exercise such authority. And if this opin-
ion needs support, the case of John Fries, who, after convic-
tion of treason, was tried a second time; and the case in South
Carolina, cited at the bar from Bay's Reports, are sufficient for
this purpose. In the trial of the United States v. Fries, Mr.
Rawle, the district attorney, admitted the power of the court
to grant a new trial; and argued only against the propriety
of exercising the power in that case. Judge Iredal expressly
admitted the power; and Judge Peters, who was against a
new trial, although he yielded to the circuit judge, did not
deny the authority of the court to grant it. In a late case
in New York (The People v. Goodwin, 18 Johns. Rep.
187) which was a cause of felony, it was decided that the
cause might be taken from the jury, and a new trial or-
dered."

And again he says, " Certainly, cases may arise, when the exercise of
this power in the court would be salutary and wise; but every
case of discretion must depend upon its circumstances, and
be judged of with due regard to the rights of the public, as
well as the interest of the prisoner. In cases which affect
life, duty as well as inclination would insure the most
favorable consideration of all circumstances which might
have a tendency to protect innocence from punishment,
and even to extend to the guilty all the legal advantages of a
trial.

"But when there has been a trial, which the court are satisfied was fair and impartial, and which all the legal rights of the party ac- cused were observed, and a new trial is sought for, the court is bound to look into the evidence upon which the verdict is founded, in order that may ascertain whether the cause suggested in support of the motion is such as would, or ought to produce a different result in the minds of another intelligent jury.

"It is true, it cannot be known what effect may be produced upon other men's minds, by any specific kind or degree of evidence; and with that, in the course of the trial, the court have no concern; but on a motion to their discretion, they must necessarily revise the evidence, and must judge for themselves of the probable bearing of the circumstances relied on to support the motion.

"Having decided, that to grant new trials in capital cases, is within the power of the court; that the exercise of this power, where there has been no error on the trial, is discretionary ; if every suggestion should be listened to, without regard to the merits of the case, or the just bearing of the facts suggested, it is certain the course of public justice would be much obstructed, and that the punishment of crime would often be evaded.    It is a power to be used sparingly for the protection of innocence, not screen the guilty.