## HENRY THOMAS v. THE STATE.

1. When a case is regularly reached on the docket, it has a preference over all other cases, unless for some good and sufficient reason the court may pass it for hearing at a future date ; and a party cannot legally be compelled under any circumstance to go to trial in any case, civil or criminal, until such case is properly reached on the docket, in the due course of the business of the court.
2. Article 1461 of Paschal's Digest, which provides that " all suits shall be " tried or disposed of in the order in which they stand on the docket, " unless otherwise ordered by the court with the consent of the parties," is *held* to apply with equal force to criminal as to civil cases.
3. M., summoned as a juror in a criminal case, in answer to certain questions put to him on his *voir dire*, touching his qualifications as a juror, stated that he had formed a conclusion on hearsay, as to the guilt or innocence of the defendant, and that it would require testimony to remove that conclusion, when he would be able to decide the case according to the law and evidence. *Held*, to be a competent juror. When the rule laid down by the statute is complied with, nothing further can be demanded.
4. W. and T. were jointly indicted for theft, but severed on their trials. D. was a member of a jury that convicted W. of the offense. *Held*, that this fact did not disqualify D. from serving as a juror on the trial of T.

APPEAL from Bell. Tried below before the Hon. J. P. Osterhout.

On empaneling a jury to try this case, one McCune was empaneled as a member of the jury, and the defendant objected to him on the ground that he had stated, on his examination touching his qualifications as a juror, that he had formed a conclusion as to the guilt or innocence of the defendant from hearsay, and that it would require testimony to remove the conclusion, when he would be able to decide according to the law and evidence. The court below overruled defendant's objection, and he was forced to challenge peremptorily ; to which ruling defendant excepted.

Defendant also excepted to one Dawson serving as a juror, on the ground that he had served on a jury that convicted one White, with whom the defendant was jointly indicted for theft.

The court below overruled defendant's exception, whereupon he challenged the juror peremptorily, and excepted to the ruling of the court. Defendant was convicted, and his motion for a new trial being overruled, he gave notice of appeal, and assigned for error:

*First.* That the court erred in taking up and trying defendant's case out of its regular order, and over defendant's protest.

*Second.* That the court erred in refusing a continuance on defendant's affidavit, it being the first application.

*Third.* That the court erred in overruling defendant's objections to the jurors McCune and Dawson, and thereby compelling him to challenge them peremptorily.

The record does not show that the defendant had exhausted his challenges.

*McGinnis & Lowry*, for the appellant.

*William Alexander, Attorney-General*, for the State.

OGDEN, J. We think the bill of exceptions in this case complains of a ruling of the court which will require a reversal of the judgment. This case was called for trial out of its order as it stood on the docket, and the defendant forced into trial in advance of some forty cases which were docketed before his, and which had not been called; unprepared for his defense, and taken by surprise, as a matter of course he filed an affidavit for a continuance, which was overruled. We confess we have been unable to discover the reasons for overruling this motion, but, as the case will go back for another trial, and as the defendant will have gained a new trial, we do not deem it necessary to further notice the motion for a continuance.

It is believed that there is no exception to the rule that when a case is regularly reached on the docket, it has a preference over all other cases, unless for some good and sufficient reason the court may pass it, or set it for a hearing at a particular date.

And it is also believed that a party cannot, under any circumstance, legitimately be compelled to go to trial in any case, whether civil or criminal, until said case is properly reached on the docket, in the due course of the business of the court. All litigants have a right to their day in court, and have a right to know, at least relatively, when that day will come, that he may prepare for his defense, or otherwise, as the case may be. Article 1461, Paschal's Digest, declares, in substance, that all suits shall be tried or disposed of in the order in which they stand on the docket, unless otherwise ordered by the court, with the consent of the parties.

It is true that this article has direct reference to civil suits, but there is no reason why it should not apply alike to criminal cases, and we can see many good and sufficient reasons why it should apply with equal or greater force to criminal cases.

Under our statute we can see no force in the exceptions to the indictment, as the same is in plain and intelligible words, and susceptible of but one construction or meaning.

The exceptions to the ruling of the court in relation to the challenge of the jurors, is not well taken. The statute lays down the proper rule, and when that is complied with nothing further can be demanded.

For the reason indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.