### R. B. Nichols *v.* The State.

Practice — Order of Docket. — As a general rule, criminal causes in the courts below should be called for trial and be disposed of in their order upon the docket.    But, to promote the ends of justice, the court has discretionary power to allow a temporary postponement of the trial of a cause; and, unless the exercise of this discretionary power appears to have been abused, and the rights of the appellant prejudiced thereby, this court will not revise such action of the court below.

Appeal from the District Court of Fayette.    Tried below before the Hon. L. W. Moore.

The case is stated in the opinion.

*W. H. Ledbetter*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J.    It appears from a bill of exceptions set out in the transcript that, when this case was reached on the

regular call of the criminal docket of the District Court, the county attorney announced that the state was not ready for trial, and that the accused, by his counsel, demanded that the case be then disposed of for the term. The court permitted the case to be passed until the state could get her witnesses. This is shown to have occurred on November 23, 1877, and that the case was again called on November 29, 1877. To this action of the court the defendant took a bill of exceptions.

The judge, in signing the bill of exceptions, makes the following explanation: "That the case of defendant was called on the second day of the criminal docket. The excessive rains placed all the creeks up, and the river impassable, by which witnesses and many jurors were detained from the court; and the court refused to continue the case until every means was exhausted to obtain a trial in all cases."

We are not aware of any statutory provision bearing upon the subject except article 1461 of the Digest, which is as follows: "All suits in which answers are filed in due time shall be tried or disposed of in the order in which they stand upon the docket or were filed, unless otherwise ordered by the court with the consent of the parties or their attorneys."

In *Thomas* v. *The State*, 36 Texas, 315, it was held that this article of the Digest applied as well to criminal prosecutions as to civil suits. We see no reason why this would not be a correct rule of practice. We are of opinion that as a general rule criminal cases should be called in their order as they stand upon the docket, subject to such other disposition as may be made of the case by order of the court with the consent of the parties; yet it is believed this rule should not be inflexible. Cases often arise when the ends of justice would be subserved by a temporary postponement of a trial, and when great injustice would result by depriving the court of all discretion and control over the subject.

Something might occur which no foresight could provide against, and which would often result in irreparable injury to the party to be affected, by making the rule absolute that, when the case is called, or even after a trial had commenced, the court should be allowed no discretion over the subject, and the trial be required to proceed under any supposable state of case. In *Leggett* v. *Boyd*, 3 Wend. 376, it was held that the granting or refusing to delay a trial until a party can obtain the attendance of witnesses casually or unexpectedly absent will be left to the discretion of the judge; citing 2 Johns. Cas. 318, 18 Johns. 306, and 4 Cow. 451. In case the judge should abuse this discretion, and it should appear that the delay had resulted in depriving the party of any substantial right which he could have availed himself of but for the delay, or which was occasioned by the action of the court, this action would be subject to revision on appeal.

In the present case, after a careful examination of the record, we have failed to discover that the accused was prejudiced in any manner by the action of the court complained of. The record shows that, when the case was called the second time, the defendant applied for a continuance; but we fail to see that in his application he shows any injury done him by the postponement of the case, or that he was any the less prepared then than when the case was first called. In his motion for a new trial he complains that the court erred in delaying the trial, but fails to show that his case thereby sustained any injury. Counsel, in argument, contends that the rights of the accused were disregarded, but fails to point out any injury resulting from the action of the court. Unless this had been done, this court would not be warranted in setting aside the judgment on this account.

The defendant's application for a continuance was manifestly insufficient in respect to the diligence used in prepar-

ing for his defense.    No necessity is seen for discussing the other alleged errors assigned.    After a careful examination of the whole case as disclosed in the record, we find nothing to warrant a reversal of the judgment.

*Affirmed.*