THE STATE v. BROWN, *Appellant.*

1. **Constitutional Law**: MOBERLY COURT OF COMMON PLEAS. Section 5 of the schedule to the constitution of 1875, provides that certain courts of common pleas " shall continue to exist and exercise their present jurisdiction until otherwise provided by law." *Held,* that this left to the legislature the power to enlarge or diminish the jurisdiction of these courts, or to abolish them entirely. An act extending the jurisdiction of the Moberly court of common pleas over an additional township, is a proper exercise of this power.

2. **Change of Venue.** This court refuses to review the decision of the trial court upon the question of fact presented by the application of the defendant for a change of venue, on the ground of prejudice on the part of the inhabitants of the county.

3. **Competency of Juror who has formed Opinion from Newspaper Reports.** A person summoned as a juror in a criminal case stated that he had formed an opinion as to the guilt of defendant from having read the reports of a former trial in the newspapers that the opinion was such a one as would require evidence to re-

move, but that he could try the case fairly and impartially without regard to the opinion so formed. *Held*, that he was competent to . serve as juror. HENRY and HOUGH, JJ., dissenting.

*Appeal from Moberly Common Pleas Court.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Martin & Priest* for appellant.

*A. H. Waller*, Prosecuting Attorney, *J. L. Smith*, Attorney General, *H. M. Porter*, *T. B. Reed* and *U. S. Hall* for the State.

NAPTON, J.—The defendant was indicted at the July term, 1878, of the Moberly court of common pleas, for the murder of his mother-in-law, Mrs. Parrish, on the 23d day of July, 1878. The result of the trial was a conviction of murder in the first degree. I hardly think it necessary to state in detail the facts upon which the verdict was based, inasmuch as it is conceded that the killing was a clear case of murder, unless the defendant was insane, and the only objections here relate to points having no connection with the guilt or innocence of the accused.

The first point made is that the court which tried the case had no jurisdiction. This is based upon the fifth section of the schedule to the constitution of 1875, which declares that " all courts of common pleas existing and organized in cities and towns having a population exceeding 3,500 inhabitants, and such as by the law of their creation are presided over by a circuit judge, shall continue to exist and exercise their present jurisdiction until otherwise provided by law." By the act of April 23d, 1877, Cairo township was included in the jurisdiction of said court, and this case was clearly within the jurisdiction of this court, unless that act was unconstitutional. We are unable to appreciate the force of this objection, since the constitution seems to have left

1. CONSTITUTIONAL LAW: Moberly court of common pleas.

to the legislature the power to enlarge or diminish the jurisdiction of these courts of common pleas, in existence when it was passed, or to abolish them entirely. In this case the jurisdiction was enlarged so as to extend to an adjoining township and the power to make this extension seems to have been expressly confided to the legislature.

The second point urged here is, that the application for a change of venue should have been granted. One of the grounds upon which this application was based was the prejudice of the judge; but as there was no affidavit to sustain this, that ground is confessedly insufficient to authorize our interference.

The other ground was that the prejudice of the inhabitants of Randolph county was so great that the accused 2. CHANGE OF VEN- could not get a fair trial. Upon this point a UE. number of witnesses were examined, *pro* and *con*. The court decided against this application, and we are not disposed to review this decision upon the question of fact presented.

The next point, and the only one of importance, is whether the jurors in this case were authorized to try it. 3. COMPETENCY OF The objection to these jurors was, that they JUROR WHO HAS FORMED OPINION had formed an opinion from newspaper re- FROM NEWSPAPER REPORTS. ports of the testimony given on the first trial, which it would require evidence to change. We have recently decided this point in two cases, *State v. Core*, 70 Mo. 491; *State v. Barton, ante*, p. 288, and it was decided the same way in *State v. Davis*, 29 Mo. 392, and we adhere to this opinion. In fact, if such opinions are to exclude jurors, in a case which creates great excitement in a county, we might as well exclude the most intelligent men summoned on a jury, for such men will, of course, form some opinion from the reports furnished them.

In regard to the question of insanity, which seems to have been the only defense relied on, the instructions of the court are not objected to. In truth, there was not a particle of evidence to justify any instructions on the sub-

ject. The only insanity of the defendant was a reckless and malignant disposition which was established by proof of his conduct long before the murder. The instructions on the subject have heretofore been approved by this court. *State v. Kring*, 64 Mo. 591. The judgment is affirmed, with the concurrence of SHERWOOD, C. J. and NORTON, J.

HENRY, J., DISSENTING.—Not concurring in the opinion of the court, it is proper that I should briefly state the grounds of my dissent. The " Moberly Monitor" and " The Herald," newspapers published in Randolph county, when the alleged murder was committed, and where the defendant was twice tried for the crime, published the proceedings and evidence on the first trial. W. A. Wright, Duffield, Reed, Winn, and others, summoned as jurors for the second trial, stated on their *voir dire* examination, each, that he had formed an opinion as to the guilt of defendant from having read the report of the first trial in the " Monitor " and " Herald," and that it was such an opinion as would require evidence to remove, but that he could try the case fairly and impartially, without regard to the opinion so formed. The court overruled a challenge of these jurors for cause, and they were placed on the panel from which the twelve were to be selected to try the case.

Section 22 of our bill of rights declares that: "In criminal prosecutions, the accused shall have the right to a speedy public trial by an impartial jury of the county." Section 1897 of the Revised Statutes of 1879, provides that: " It shall be a good cause of challenge to a juror that he has formed, or delivered an opinion on the issue, or any material fact to be tried, but if it appear that such opinion is founded only on rumor and newspaper reports, and not such as to prejudice or bias the mind of the juror, he may be sworn." In a dissenting opinion in the case of the *State v. Barton*, I took occasion to discuss the whole question on general principles, and will now therefore confine myself to a consideration of the change made in the law

by section 1897, *supra.* The words "and newspaper reports" found in that section, were not in section 13, Wagner's Statutes, 1103. What is meant by the expression "newspaper reports?" If it be construed to include reports of the proceedings and evidence on a trial of the cause, I do not hesitate to declare it as my opinion, that so much of the section is in direct conflict with the constitutional provision above quoted. What is the difference between hearing a witness to the transaction state the facts, and reading an authentic statement of what such witness testified to as the facts? The reason for excluding a juror who has read such statement, and, upon it, formed an opinion, is much stronger, than for the exclusion of one who has only heard the witness, not under oath, give his version of the case.

The newspaper reports which the legislature intended to place upon the same ground as rumors, are those rumors which find their way into the columns of newspapers. If it mean more than this, and we give effect to the construction contended for by the State, we utterly overthrow and set at naught section 22 of the bill of rights. The substance of the doctrine contended for is, that any one is a competent juror, no matter what may be his opinion, or how formed, if he will only swear that he can and will decide the case according to the law and the evidence, and those least able will most confidently affirm their ability so to do. But I will not extend these remarks. What is here said in connection with the dissenting opinion in the Barton case, fully sets forth my views on the whole question of the competency of one to sit as a juror on the trial of one of whose guilt or innocence he has formed or expressed an opinion, and these views are well sustained by the recent case of *Greenfield v. The People*, 74 N. Y. 280. Judge HOUGH concurs with me.