THE STATE v. WALTON, *Plaintiff in Error.*

1. **Competency of Juror, who has formed an Opinion.** A juror who, upon his examination touching this qualification as such, answers that he has formed and repeatedly expressed an impression or opinion as to the guilt or innocence of the accused, that such impression or opinion has been formed either from rumor or newspaper reports, or both, and that it would require evidence to remove it, is not, therefore, an incompetent juror, provided it further appears

to the satisfaction of the court that such opinion will readily yield to the evidence in the case, and that the juror will determine the issues upon the evidence, uninfluenced by his previous impression or opinion.

2. ——, AS AFFECTED BY KINSHIP. One whose father was a second cousin to defendant's mother was held to have been properly rejected as a juror under section 1897, Revised Statutes 1879, prohibiting any person of kin to the defendant from serving as a juror.

3. Criminal Law: INSTRUCTIONS. Instructions relating to murder in the first degree are properly refused where the indictment only prefers a charge of murder in the second degree.

4. ——: ——. The refusal of an instruction is not erroneous, where other instructions are given containing the same principle.

*Error to Callaway Circuit Court.*—Hon. G. H. BURCKHARTT, Judge.

AFFIRMED.

The instructions referred to in the opinion, are the following:

11. Defendant asks the court to instruct the jury, that if they believe from the whole evidence in the cause that the act of shooting was done by defendant with deliberation, then he is not guilty of murder in the second degree.

12. The jury should find the defendant guilty of no offense that the whole evidence in the cause does not satisfy their minds to a moral certainty he committed.

13. If the jury believe from the whole testimony to a moral certainty, that defendant killed deceased at the time and place charged in the indictment, willfully, deliberately, premeditatedly and with malice aforethought, the jury cannot find him guilty under the indictment, and they will find a verdict of not guilty.

1. The law presumes the defendant not guilty, and the jury will find a verdict of not guilty unless their minds are satisfied, from the whole evidence in the cause, to a moral certainty and beyond a reasonable doubt, that he is guilty. A reasonable doubt, to authorize an acquittal,

must be a substantial doubt touching his guilt, and not a mere possibility of his innocence.

5.  It is not alone the weight or preponderance of the testimony which will warrant a verdict of guilty in this case, but before the jury can find a verdict of guilty they must be satisfied from the whole evidence in the cause to a moral certainty that defendant is guilty.

*Boulware & McKinney* for plaintiff in error.

The court should have sustained defendant's challenge to Terry and Sallee, as jurors. They were not impartial, unbiased or indifferent. They each had formed and expressed an opinion, and had such opinion when sworn. That opinion was so fixed, positive and absolute, that it would have required evidence to change it. The opinion was not a hypothetical one. Sallee had often expressed his—Terry more than fifty times. *U. S. v. McHenry*, 6 Blatch. 503; *U. S. v. Hanway*, 2 Wall. Jr. 143; *U. S. v. Woods*, 4 Cranch C. C. 484; Const. of Mo., § 22, art. 2; R. S. 1879, § 1897; *Fouts v. State*, 7 Ohio St. 471; *Frazier v. State*, 23 Ohio St. 551; *Carroll v. State*, 5 Neb. 31; *Curry v. State*, 4 Neb. 548; *Palmer v. State*, 4 Neb. 75; *People v. Weil*, 40 Cal. 268; *People v. Johnston*, 46 Cal. 78; *People v. Gehr*, 8 Cal. 629; *State v. Clark*, 42 Vt. 629; *Black v. State*, 42 Tex. 379; *Jackson v. Comm.*, 23 Gratt. 919; *State v. Potter*, 18 Conn. 171; *People v. Mather*, 4 Wend. 241; *People v. Stout*, 4 Park. C. R. 110; *Cancemi v. People*, 16 N. Y. 501; *People v. Mallon*, 3 Lansing (N. Y.) 232; *Blake v. Millspaugh*, 1 John. (N. Y.) 315; *O'Brien v. People*, 36 N. Y. 276; *People v. Bodine*, 1 Denio ; *People v. Honeyman*, 3 Denio 121; *Alfred v. State*, 37 Miss. 296; *Cotton v. State*, 31 Miss. 501. *Logan v. State*, 50 Miss. 269; *Helms v. State*, 13 Miss. 500; *State v. Pike*, 49 N. H. 399; *State v. Howard*, 17 N. H. 194; *Comm. v. Webster*, 5 Cush. 295; *Comm. v. Knapp*, 9 Pick. 496; *Comm. v. Buzzell*, 16 Pick. 153; *Staup v. Comm.*, 74 Pa. St. 458; *Gray v. People*, 26

Ill. 344; *Neeley v. People*, 13 Ill. 685; *Gardner v. People*, 3 Scam. 83; *Wright v. State*, 18 Ga. 383; *State v. Bornwell*, 2 Harrington (Del.) 529; *State v. Anderson*, 5 Harrington 493; *Osiander's case*, 3 Leigh 780; *Heath v. Comm.*, 1 Robinson (Va.) 735; *Quesenbury v. State*, 3 Stew. & Port. 308; *Greenfield v. People*, 74 N. Y. 285. The instructions asked by defendant, numbered 11, 12 and 13 should have been given. These instructions were proper and legal, and were authorized by the testimony. Without them the jury did not have the law of the case, hence found a verdict not authorized by the law or testimony. *State v. Bryant*, 55 Mo. 75; *State v. Joeckel*, 44 Mo. 234; *State v. Wyatt*, 50 Mo. 309; *State v. Sloan*, 47 Mo. 604; *State v. Lane*, 64 Mo. 319; *State v. Alexander*, 66 Mo. 148.

*D. H. McIntyre*, Attorney General, for the State.

Terry and Sallee were competent jurors. 12 Mo. 223; 32 Mo. 346; 70 Mo. 491; 71 Mo. 454; 71 Mo. 288; *State v. Davis*, 29 Mo. 391; R. S. 1879, § 1897; *Cox v. People*, 80 N. Y. 500; *State v. Williams*, 3 Stew. (Ala.) 454, 465; *Rice v. State*, 7 Ind. 332, 336; *State v. Sater*, 8 Iowa 420; *Sanchez v. People*, 4 Park. Crim. R. 535, 553; *O'Connor v. State*, 9 Fla. 215, 217, 221; *People v. Brown*, 48 Cal. 253; *State v. Lawrence*, 38 Iowa 51; *State v. Bryan*, 40 Iowa 379. Bell was disqualified to serve as a juror. R. S. 1879, § 1894. Instructions 11 and 13 were properly refused as being irrelevant to the charge in the indictment. *State v. Fritterer*, 65 Mo. 422.

NORTON, J.—Defendant was indicted in the Callaway county circuit court in May, 1880, for murder in the second degree, for killing one Louis Meyers. Being put upon his trial he was found guilty as charged, and his punishment assessed at ten years' imprisonment in the penitentiary. The cause is before us on writ of error sued out by defendant, and the chief errors assigned are that the court erred

18—74

in overruling defendant's challenge to certain jurors, in excluding one juror from the panel and in giving and refusing instructions.

William B. Terry, one of the jurors summoned by the sheriff, on his *voir dire* examination, stated that he had formed and expressed an opinion; that such opinion was formed from what he had read in the local papers, and from what he had heard different parties say; that he had read in the papers what purported to be a substantial statement of the testimony taken before a justice of the peace on the trial of the defendant; that several parties who were present at the trial before the justice gave him a substantial statement of what the testimony was; that different parties who professed to know the facts in regard to the difficulty talked to him about it and told him what they knew; that from these matters he had formed and expressed an opinion more than fifty times; that he had the opinion then; that he had talked with no one who claimed to have seen the difficulty, nor with any one who was present and saw the difficulty; that while it would take evidence to change such opinion, he thought he could decide the case and find a verdict from the testimony introduced on the trial free from all prejudice and bias. William B. Sallee, another one of the jurors summoned, stated that he had formed and expressed an opinion from reading the local papers, which purported to give a substantial statement of the testimony given before the justice of the peace on the trial of the cause; that he still retained it, and that it would require testimony to remove it; that he could, as a juror, hear and try the issue and find a verdict in accordance with the evidence introduced, independently, without bias, notwithstanding such opinion. Defendant challenged both these jurors for cause, which was overruled, and this action of the court, it is insisted, was erroneous.

The question thus presented is not one of first impression in this court, but has heretofore been decided adversely

1. COMPETENCY OF JUROR, WHO HAS FORMED AN OPINION. to the views of defendant's counsel, and in accordance with the above ruling of the circuit court in the cases of *Baldwin v. State*, 12 Mo. 223; *State v. Rose*, 32 Mo. 346; *State v. Core*, 70 Mo. 491; *State v. Brown*, 71 Mo. 454; *State v. Barton*, 71 Mo. 288. We might, therefore, dismiss the subject by saying that these cases settled the question in this case, but in view of the earnestness and ability displayed by counsel for defendant in endeavoring to show that these decisions are against the weight of authority, and in view of the fact that in the last decision made the court was divided upon the question; and in view of the importance of the subject, we deem it not only respectful to counsel, but altogether appropriate to review the authorities of other states as affecting the question.

The point settled. by the cases decided by this court, and above referred to, and which we are asked to reconsider, is, that a juror who, upon his examination touching his qualifications as such, answers that he had formed an impression or opinion as to the guilt or innocence of the accused, that such opinion has been formed either from rumor or newspaper reports, or both, which it would require evidence to remove, is not an incompetent juror, provided it further appears to the satisfaction of the court that such opinion will readily yield to the evidence in the case, and that such juror, notwithstanding such opinion, will determine the issue upon the evidence adduced on the trial, free from prejudice or bias. It is claimed by counsel that this view is not sustained by the weight of authority, and we, therefore, give the result of our investigation of the authorities to which we have been cited, and others which have fallen under our observation.

In the case of *Reynolds v. United States*, 98 U. S. 145, a juror stated that he believed he had formed an opinion as to the guilt or innocence of the accused, though not upon evidence produced in court; that he still entertained the opinion; that he did not think it would influence his

verdict. The court held that the juror was competent, Chief Justice Waite, who delivered the opinion, observing that all the authorities " unite in holding that the opinion must be founded on some evidence, and be more than a mere impression. Some say that it must be positive, (2 Gabbett Crim. Law, 391;) others that it must be decided and substantial, (*Armistead's case*, 11 Leigh 659;) others fixed, (*State v. Benton*, 2 Dev. & B. 196;) and others deliberate and settled, (*Staup v. Commonwealth*, 74 Pa. St. 458). All concede that if hypothetical only, the partiality is not so manifest as to set the juror aside.   *   *   The theory of the law is, that a juror who has formed an opinion cannot be impartial. Every opinion which he may entertain need not necessarily have that effect. In these days of newspaper enterprise and universal education, every case of public interest is, almost as a matter of necessity, brought to the attention of intelligent people in the vicinity, and scarcely any one can be found among those best fitted for jurors who has not read or heard of it, and who has not some opinion in respect to its merits. It is clear, therefore, that upon the trial of the issue of fact raised by a challenge for such cause, the court will be practically called upon to determine whether the nature and strength of the opinion formed are such in law as necessarily to raise the presumption of partiality. The question thus presented is one of mixed law and fact to be tried so far as the facts are concerned like any other issue of that character, upon the evidence. The finding of the trial court on that issue ought not to be set aside by a reviewing court unless the error is manifest. No less stringent rules should be applied by the reviewing court than those which govern in the consideration of motions for new trials because the verdict is against the evidence.   *   *   In such cases the manner of the juror while testifying is oftentimes more indicative of the real character of the opinion than his words. That is seen below, but cannot always be spread on the record. Care should, therefore, be taken in the re-

viewing court not to reverse the ruling below upon such a question of fact, except in a clear case."

In the case of *Ortwein v. Commonwealth*, 76 Pa. St. 414, where the defendant was found guilty of murder in the first degree, five jurors were examined touching their qualifications, all of whom stated that they had formed opinions from newspaper accounts or rumor, or from both ; that the opinions thus formed they still had; that it would take evidence to remove their opinions; that notwithstanding their opinions they could try the issue on the evidence and render their verdict thereon uninfluenced by such opinions. All of them were held to be competent jurors, although one of them had formed his opinion from reading a newspaper containing a report of the testimony at the coroner's inquest. Chief Justice Agnew, who delivered the opinion, observed " that the jurors did not entertain very positive or decided opinions; that they were the results of rumor and newspaper statements in part. All were clear that their opinions were so unfixed that they could hear and determine the case on the evidence given on the trial below, uninfluenced by their previous impressions. They did not appear to have prejudged the case, or to have fixed and decided opinions. That evidence should be required to change their first impressions, has but little weight. Such must always be the fact even in the case of slight impressions or loose opinions. An impression once formed necessarily exists till something else changes it. The inquiry, therefore, turns upon the character of the opinion. Is it a prejudgment of the case? Has it such fixedness and strength as will probably control the juror's verdict, or has it been formed on the same evidence substantially as will be given on the trial? Much weight is, therefore, to be given to the judgment of the court below in whose presence the juror appears, and by whom his manner and conduct, as well as his language, are scrutinized."

So in the case of *Myers v. Commonwealth*, 79 Pa. St. 308, a juror stated that he had formed and expressed an

opinion, that if what he had read were true he thought the prisoner guilty, but that his opinion would not hinder him from rendering a just verdict according to the evidence; that he had read the testimony taken on the hearing before the coroner, had formed his opinion from that, and that it would take contrary evidence to remove it from his mind. He was held competent to sit as a juror. So in the case of *Curley v. Commonwealth*, 84 Pa. St. 151, where the juror stated: "Have formed an opinion against the prisoner. It is not a fixed and determined opinion, but I still entertain it. It would require evidence to remove it. I formed my opinion from the report I read. I don't think the opinion is so fixed and determined that I would not be governed by the evidence. I would be governed by it. My opinion now formed would not prevent me from giving the evidence for the prisoner its due weight, nor would it cause me to give the evidence against him an undue weight. I don't think my opinion would prejudice the prisoner at all if I were sworn as a juror. I feel sure it would not." This juror was held to be competent, Agnew delivering the opinion.

In the case of *Balbo v. People*, decided in 1880, 80 N. Y. 484, where the prisoner was found guilty of murder in the first degree, a juror being examined " testified in substance that he had read at the time in a newspaper an account of the murder, and that he was of the impression that the account he read was the report of the testimony taken before the coroner's inquest, and that he had not talked the matter over with any person; that he formed at the time a positive and clearly marked opinion in respect to the guilt or innocence of the accused, which opinion was still in his mind, and that it would require strong evidence to remove the opinion he then entertained. He further stated that he read the papers every day, and read the account of the murder in the same way he read other items; that he took no particular interest in the case; that if a statement was contradicted in the next day's paper,

he believed the contradiction; that his impression in the case was based on the assumption that things reported are probably true; that he did not make a great deal of distinction between an impression and an opinion; and in response to questions by the court, said that he did not suppose that any opinion he had would bias, influence or prejudice him in any manner in the consideration of the evidence; that he believed it would not, and that he could give full weight and effect to the evidence the same as though he had no opinion." The circuit court overruled defendant's challenge for cause to the juror, and accepted him as competent, which action was affirmed by the court of appeals.

So in the case of *Cox v. People*, 80 N. Y. 500. A juror being challenged for cause, testified that he had read of the case and formed a decided opinion as to the guilt of the prisoner, which would require evidence to remove, and that if sworn as a juror he would enter the jury box with this opinion; that his opinion was formed from having read in the newspapers an account of the transaction, and among other things a statement purporting to be a confession by the prisoner of the crime; that he accepted this account as true for the reason he had read nothing to the contrary, and that he believed the statements in a newspaper that were not unreasonable until they were contradicted, and in that sense he had an opinion of the guilt of the prisoner; that he had no knowledge whether the statements were true or not, and that his opinion was a contingent one based on the supposed truth of the statements; that he had no pride of opinion, and had no doubt of his ability to set aside the opinion he had on entering the jury box, and to decide the case according to the evidence, without being influenced thereby, or by what he had read." It was held that the challenge for cause was properly overruled, and that the juror was competent.

In the case of *Guetig v. State*, 66 Ind. 94, where the defendant was convicted of murder in the first degree, it

was held that the challenge for cause was properly over-ruled to a juror, who, upon his *voir dire* examination, stated that from the evidence given on a former trial of the same prosecution, as reported in a newspaper and read by him, he had formed and expressed an opinion on the merits of the case, to change which would require some evidence, but which would readily yield thereto.

In the case of the *State v. Lawrence*, 38 Iowa 51, a juror stated on his examination: "I heard of the transaction, of the killing of Baurbeck, at the time it happened, and read the newspaper account of it. I believed the man had been murdered and that defendant did it. It would take some evidence or explanation to remove the opinion from my mind. I have no bias for or against the defendant. I know nothing about the case except what I have heard from rumor and newspaper reports. I have no personal knowledge of the facts otherwise, and believe I can sit and decide the case with the same impartiality as if I had never heard of it." This juror was held to be competent, it being observed in the disposition of the question, that "it is scarcely possible, in a community where an act has been done which startles and attracts the public mind, to obtain a juror who should be entrusted with so grave a matter as the determination of the guilt or innocence of the accused, whose mind has received no impression with regard to the case. Either from public rumor or newspaper reports almost every person competent to serve as a juror will have learned something in regard to the circumstances attending the commission of the alleged offense. And as some impression more or less strong is almost invariably made by such reports, the rule which would demand a juror with no opinion respecting the case, would, in cases attracting public attention, and in which intelligence is most needed, practically exclude every intelligent man from the jury."

In the case of *Wilson v. People*, 94 Ill. 299, a juror was held to be competent who, in answer to questions touching

his competency, said : "I have read newspaper accounts of the commission of the crime of which defendant stands charged, and have also conversed with several persons in regard to it since my attendance at court; do not know whether they are witnesses in the case or not; do not know who the witnesses are. From what I have read and conversations I have had, I have formed an opinion in the case, and would have an opinion in the case now, if the facts should turn out as I heard them, and I think it would take some evidence to remove them." So in Kansas, where the statute provides that it shall be a good cause for challenge to a juror, that he has formed or expressed an opinion on the issue or any material fact to be tried, it was held in the case of the *State v. Medlicott*, 9 Kas. 257, that a juror was competent who stated he believed he had formed an opinion on the issue to be tried, and may have expressed such opinion; could not say it would not take testimony to remove it. The opinion formed was based upon newspaper reports only. That it was an impression merely, not an opinion, dependent upon the truth of the newspaper report; that the impression was not positive or fixed, but dependent on the truth or falsity of the newspaper report.

In the case of *O'Connor v. State*, 9 Fla. 215, a juror was held competent who stated that he had formed an opinion from rumor as to the guilt or innocence of the accused; that it would require evidence to remove the opinion so formed, but that if taken on the jury he could readily and without hesitation find a verdict according to the evidence, although the verdict might be contrary to such opinion. It was observed in the opinion delivered in this case that "to hold the jurors incompetent because they said it would take evidence to remove the opinion so formed, although they stated they could readily and without hesitation find a verdict according to the evidence, would be to hold that no juror can be competent who has formed an opinion on mere rumor, because if he has formed

any opinion or impression, however slight, that opinion or impression must necessarily be removed by evidence. Such a ruling as that would be against law."

In the case of *People v. Welch*, 49 Cal. 174, a juror was held competent who stated : "I have heard of the matter from parties who are familiar with it ; have formed an opinion as to the guilt or innocence of defendant, a decided if not an unqualified opinion; have that opinion still." He was held competent under a statute of that state which declares that " a hypothetical opinion founded on hearsay or information supposed to be true, unaccompanied with malice or ill-will, does not disqualify a juror, and is not a cause of challenge for either actual or implied bias. In the case of *People v. King*, 27 Cal. 507, a juror was held competent who stated that he had heard what purported to be a statement of facts in the case; that he believed the statements to be true, and from them had formed an opinion which he then entertained, and which it would require evidence to remove. In the case of *Ogle v. State*, 33 Miss. 383, the principle heretofore enunciated by this court, we think, is sustained. So it is in the case of *Carson v. State*, 50 Ala. 134, and also in the case of *Thomas v. State*, 36 Tex. 315.

We have been cited by counsel for defendant to cases from New York, Pennsylvania, California, Indiana and Illinois. We deem it unnecessary to advert to these cases further than to say we have given above the latest decisions in each of these states upon the question involved. We have also been cited to cases from Virginia. In *Clore's case*, 8 Gratt. 606, a juror was held to be competent who stated "that he had not heard any of the evidence, nor a report of it from any who had heard it, but from the rumor of the neighborhood he had formed an opinion which was at the time he spoke existing on his mind, and which he should stick to, unless the evidence should turn out to be different from what rumor had reported it to be." In the case of *Jackson v. Commonwealth*, 23 Gratt. 919, the

above case though criticised, was expressly approved, it being observed in the opinion that the general rule is, that when the venireman has formed a decided or substantial opinion, no matter upon what ground it was formed, whether from having heard the evidence on some former trial or examination, or rumor, he is an incompetent juror, and if, on the other hand, his opinion be merely hypothetical, he is not incompetent. The case of *State v. Potter*, 18 Conn. 166, has also been cited as asserting the doctrine that when a venireman says he has formed an opinion which it will require evidence to remove, that necessarily disqualifies him. In the opinion of the court this question is not only not decided, but the decision of it is expressly waived by the court, as will be seen by the following quotation therefrom : "And we are certainly not prepared to say, that an opinion formed on the case or an essential part of the case, such as it would require evidence to remove, would not disqualify a juror. But we do not find it necessary to discuss or settle that question, because we do not find any opinion either formed or expressed which shows a want of indifference in the juror." We have also been referred to the case of *Commonwealth v. Knapp*, 9 Pick. 497. All that is decided in this case is, that a juror, who stated that, from what he had read in the newspapers his prejudices were against the prisoner, that he had no definite opinion, and would be governed by the evidence, was held incompetent; and also another who stated he had formed an opinion from what he had heard, and in response to the question, whether he had formed such an opinion as incapacitated him from giving an impartial verdict, said, he did not know how much he might be influenced by his preconceived opinion. These jurors were properly excluded, one of them admitting he was prejudiced against the accused, and the other saying he could not tell how much his opinion would influence him. We have also been cited to the cases of *Commonwealth v. Buzzell*, 16 Pick. 153, and *Commonwealth v. Webster*, 5 Cush. 295, which are

equally inapplicable to the point under discussion as the case of *Commonwealth v. Knapp, supra.* The cases of the *State v. Bonwell,* 2 Harr. 529, and *State v. Anderson,* 5 Harr. 493, have no bearing on the question involved in this case.

From the investigation made, we are satisfied that the ruling made by this court in the case of the *State v. Core, supra,* and others hereinbefore referred to, is sustained by the weight of authority. We perceive no error in the action of the trial court in overruling defendant's challenge to the jurors Terry and Sallee.

In addition to what has been said, it may be observed that our statute provides, " that it shall be a good cause for challenge to a juror that he has formed or delivered an opinion on the issue or any material fact to be tried. But if it appear that such opinion is formed on rumor and newspaper reports, and not such as to prejudice or bias the mind of the juror, he may be sworn." Under this statute, where the venireman has formed an opinion, either from his own knowledge, or from conversing with witnesses to the transaction, or from having heard their testimony on a trial of the cause, he is subject to be challenged for cause. If his opinion be formed only from rumor or newspaper reports, he is still subject to challenge for cause, unless it further appear that the opinion is not such as to prejudice or bias his mind, and if this does appear he is a competent juror. Whether an opinion formed from rumor or newspaper reports is such an opinion as to prejudice or bias the mind of the juror, is a question of fact to be determined under our practice by the trial judge as any other fact. While it is not for the juror, as was said in the case of the *State v. Baldwin, supra,* to decide this question, yet it is perfectly competent for the court, with a view to ascertain whether or not the opinion is of such a character as to create either bias or prejudice, to make full inquiries of the juror in relation thereto. This, we believe, is the universal practice in the courts of nearly all the states. The duty of ascer-

taining the fact is devolved upon the court, and the court is, therefore, of necessity, authorized to have from the juror any statements relating to the question to be decided, giving to them such weight and credence as from observation of the appearance of the juror, his age, intelligence, his answers to questions, his manner on the stand as the trial judge may believe them entitled to.

The action of the court, in declaring John P. Bell, who stated on his examination that "his father was a second cousin to defendant's mother," an incompetent juror, is also assigned for error.

2. ——, as affected by kinship.

Under section 1894, Revised Statutes 1879, the juror was properly rejected. It provides that, "when any indictment or information alleges an offense against the person or property of another, neither the injured party nor any person of kin to him shall be a competent juror on the trial, nor shall any person of kin to the prosecutor or defendant in any case serve as a juror on the trial thereof."

The instructions given fairly present the law applicable to the case as declared by this court. The eleventh, twelfth and thirteenth instructions asked by defendant were properly refused. The eleventh and thirteenth related to murder in the first degree, and were properly refused as being irrelevant to the indictment, which only preferred a charge of murder in the second degree.

3. CRIMINAL LAW: instructions.

The twelfth instruction was properly refused because the same principle had been given in instructions one and five given for defendant. Perceiving no error, we affirm the judgment, in which all concur except HENRY and HOUGH, JJ.

4. ——: ——.