AUBREY M. SPANGLER, Defendant in Error, v. JOHN A. KITE, Plaintiff in Error.

St. Louis Court of Appeals, December 8, 1891.

1. **Justices' Courts**: JOINDER OF ACTION ON WARRANTY WITH ACTION ON MISREPRESENTATION IN SALES. A count for a breach of warranty in a sale is not inconsistent with one for damages caused by a fraudulent misrepresentation in the same sale; nor is the joinder thereof contrary to section 6137 of the Revised Statutes of 1889, which prohibits the joinder, in justices' courts, of a cause of action founded upon a contract with one founded upon trespass to the person or to real or personal property.

2. **Action for Damages for Fraudulent Misrepresentation**: MEASURE OF DAMAGES. A buyer, who has purchased a chattel upon a false and fraudulent representation of quality, made to him by the seller at or prior to the sale, may, at his election, rescind the sale by returning, or offering to return, the chattel within a reasonable time after his discovery of the fraud, and, on so doing, may recover the purchase money paid by him.

3. **Practice, Trial**: CHALLENGE OF JUROR FOR CAUSE. The opinion which renders a juror incompetent must be such as would influence his judgment. Accordingly a defendant is not entitled to challenge a juror for cause, when the juror testifies on his examination on *voir dire* that he was on the general panel at a former term of the court at which the cause was tried, though not on the panel which tried the cause; that he was present at that trial, and that he probably formed an opinion then, but that he did not think he had any opinion at the time of such examination.

*Error to the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*Shelton, McKee & Jayne,* for plaintiff in error.

(1) The court erred in overruling defendant's motion to exclude Thos. Evans as a juror for cause from the panel out of which jury was selected to try cause. R. S., sec. 6083. (2) The court erred in refusing to

require plaintiff to elect upon which count of the petition he would proceed to try the cause. *Johnson v. Agricultural Co.*, 20 Mo. App. 100 ; *Walls v. Gates*, 4 Mo. App. 1. (3) The court erred in giving instructions, numbered 1 and 2, on the part of the plaintiff, as they were not warranted by the evidence and the pleadings in the cause. *McBeth v. Craddock*, 28 Mo. App. 380 ; *Layson v. Wilson*, 37 Mo. App. 636. (4) The court erred in giving instruction on its own motion, as it was in conflict with the other instructions given in the cause. *Johnson v. Agricultural Co.*, 20 Mo. App. 100 ; *Walls v. Gates*, 4 Mo. App. 1. (5) The court erred in instructing the jury that if they found for plaintiff their verdict should be for the amount the plaintiff paid the defendant on the purchase of the mares ; because that was not the measure of damages under the pleadings and the evidence. *McBeth v. Craddock*, 28 Mo. App. 380 ; *Layson v. Wilson*, 37 Mo. App. 636.

*Smoot & Pettingill*, for defendant in error.

ROMBAUER, P. J.—A buyer, who has purchased a chattel, relying upon a false and fraudulent representation of quality made to him by the seller at or prior to the sale, may, at his election, rescind the sale by returning, or offering to return, the chattel within a reasonable time after his discovery of the fraud. Benjamin on Sales, 143 ; *Campbell v. Fleming*, 1 A. & E. 40 ; *Redgrave v. Hurd*, 20 Ch. Div. 1. By so doing he may recover the purchase money he paid. To that extent his remedy is different from the remedy of one who relies upon an express warranty or upon representations equivalent to a warranty, as the latter is confined to his action upon the warranty after he has once *accepted* the chattel, and his measure of damages in such action is the difference in value of the chattel as warranted and the chattel sold at the time and place of sale. *Henry Gaus, etc., Mfg. Co. v. Mfg. Co.*, 42 Mo. App. 307.

The plaintiff in the present case brought an action before a justice of the peace, his statement containing two counts: one for damages caused to him by the fraudulent representations of the defendant as to the age of two mares which were the subject of the sale, the other for breach of warranty in the sale of the same mares. Upon a retrial of the cause in the circuit court, the defendant objected to the introduction of any evidence under the statement, because its counts were inconsistent, and also moved that the court compel the plaintiff to elect on which count he would proceed. The court ruled against the defendant on both points, and such ruling is now assigned for error.

There is nothing inconsistent in the two counts. The defendant may have warranted the mares to be of a certain age, knowing that they were much older, while the plaintiff did not know the fact, but relied upon the defendant's representations, in which event the defendant would become liable both on his warranty and for his fraudulent representations, although the plaintiff was entitled to only one recovery. The plaintiff might, however, fail in establishing a warranty, or he might fail to prove the deceit, in which case he might be non-suited on one count and still proceed to the jury on the other. This was done in the present case. The court withdrew the second count from the consideration of the jury, as not supported by the evidence, and the jury found for plaintiff on the first count only. Section 6137 of the Revised Statutes, 1889, which prohibits causes of action founded upon contract from being joined in justices' courts with causes founded on trespass to the person or to real or personal property, does not prohibit the joinder of an action for deceit with an action of warranty, both founded on the same contract, although one is in the nature of an action in tort, while the other is an action of contract.

The defendant complains of the instruction of the court on the measure of damages. The court first

Spangler v. Kite.

instructed the jury on its own motion that the plaintiff could not recover on the second count of his statement, which was founded upon an express warranty. The court then instructed them, upon plaintiff's request, that, if they found the deceit as charged by plaintiff, and further found that the plaintiff, within a reasonable time after its discovery, returned the mares to the defendant and offered to rescind the contract, they should find for the plaintiff, and that the measure of his damages in that event was the amount paid to the defendant for the mares. This instruction was in conformity with the law as first hereinabove stated, and the plaintiff's exception thereto is not well taken.

Complaint is also made of the court's action in refusing to sustain the defendant's challenge of one of the jurors for cause. It appeared that the juror thus challenged had been a juror of the general panel at a former term of court when the cause was tried, but was not a juror of the panel which had tried the cause. He stated on his examination upon *voir dire* that he knew the result of the former trial, and had probably formed an opinion then, but did not think he had any opinion now. The court overruled the defendant's challenge of this juror for cause, and, we think, properly so. The opinion which renders a juror incompetent must be such as would influence his judgment. *McComas v. Ins. Co.,* 56 Mo. 573 ; *Eckert v. Trans. Co.,* 2 Mo. App. 36 ; *In re Bowman,* 7 Mo. App. 569. Therefore, when it appears to the court that the judgment of the juror will not be influenced by such opinion, he is a competent juror, even in criminal cases. *State v. Core,* 70 Mo. 491 ; *State v. Brown,* 71 Mo. 454 ; *State v. Walton,* 74 Mo. 270 ; *State v. Stein,* 79 Mo. 330. In the case at bar it did not even appear that the juror had formed an opinion, much less that he had ever expressed an opinion ; and there was nothing which, under the rule stated in the cases above cited, would make it obligatory on the court to sustain a challenge to his competency.

The judgment is affirmed. All the judges concur.