WEBBER *versus* CLOSSON.

By the R. S., sheep, found doing damage upon the land of any person, are liable to be impounded by him, as a remedy to recover for such damage.

That remedy, however, does not accrue, if the sheep, being rightfully upon the adjoining land, escaped therefrom through a defect in that distinct part of the division fence, which the person, suffering the damage, was, by prescription or otherwise, bound to maintain.

From the maintenance of a partition fence *jointly* by the owners of the adjoining lands, *for however long a period*, there can arise no *prescriptive* obligation upon either of them to maintain any separate and distinct part of it.

If, therefore, through a defect in such joint fence, the sheep, which are rightfully upon one side of it, escape into the land upon the other side, and do damage to it, they are liable to be impounded.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J.

REPLEVIN, for sheep impounded.

The facts were agreed.

The parties owned adjoining lands. The dividing line had never been assigned for the maintenance of a partition fence. But so far as their contiguous improvements extended, the parties had *jointly* maintained a partition fence for more than twenty years. After that time, a defect occurred in it, and the plaintiff's sheep escaped through that defect from his own land into that of the defendant and damaged it. For that cause he impounded them; whereupon this action of replevin was brought. The Judge ruled that the action was not maintainable, and the plaintiff excepted.

*Hinkley*, for plaintiff.

Adjoining occupants of inclosed lands are bound to maintain partition fences. R. S. c. 29, § 2.

They are also bound to keep them in good repair throughout the year, unless they otherwise agree. R. S. c. 29, § 7.

This obligation commences with, and continues during "*improvement*," and is the consequence of that alone. R. S. c. 29, § 2.

The only penalty consequent upon a neglect of this requirement, is the withholding of the common law remedy of trespass or distress, in case of damage by cattle. R. S. c. 30,

§ 6; *Gooch* v. *Stephenson*, 13 Maine, 371; *Eastman* v. *Rice*, 14 Maine, 419.

It is no excuse for *the person suffering damage*, that he did not know where and how much his part of the fence was, for the law puts it in his power to have it determined at any time. R. S. c. 29, § 3, 5.

There is nothing in the statute, making the obligation in any manner dependent upon the assignment or division of the fence.

If the plaintiff was equally bound with the defendant, still the defendant could not distrain the sheep.

" Where an injury, of which a plaintiff complains, has resulted from the fault or negligence of *both parties*, without any intentional wrong on the part of the defendant, an action cannot be maintained." *Williams* v. *Michigan Rail Road*, 4 Law Magazine, 282; 8 Johns. 421; 1 Cow. 88; 19 Wend. 399; 4 Met. 49; 7 Met. 274.

The parties having maintained the fence jointly or in common for more than twenty years, the defendant was bound by *prescription* to continue to do so, until some other legal mode was established. 2 Greenl. Ev. § 539; *Little* v. *Lothrop*, 5 Maine, 356; *Low* v. *Rust*, 6 Mass. 90.

*Drinkwater*, for the defendant.

APPLETON, J. — The parties in this suit were occupants of contiguous fields. The fences between them had been maintained jointly and without any assignment under the statute provisions relating to fences. The plaintiff's sheep, being rightfully on his own premises passed over into the adjacent lands of the defendant by whom they were impounded. The plaintiff thereupon commenced his action of replevin.

By the common law every man is bound at his peril to keep his cattle on his own land. As is well observed by BEARDSLEY, C. J., in *The Tonawanda R. R. Co.* v. *Munger*, 5 Denio, 259, " fences were designed to keep one's own cattle at home and not to guard against the intrusion of those belonging to other people."

The common law was changed in this State by the statute of 1834, c. 137. The decisions of this Court, in *Gooch* v. *Stephenson*, 13 Maine, 371, and in *Rice* v. *Eastman*, 14 Maine, 419, were based entirely upon the provisions of that statute. By the R. S. all preceding legislation on this subject was repealed and the rights of parties remain as at common law, except so far as they may be modified by their provisions.

At common law the plaintiff could not maintain this action. Whether it is now maintainable depends upon the construction of R. S. c. 30, § 6, which authorizes an action of trespass against the owner of the beasts or the distraining of them or any of them doing damage "provided that if the beasts shall have been lawfully on the adjoining lands and shall have escaped therefrom in consequence of the neglect of the person who had suffered the damage to maintain his part of the partition fence, the owner of the beasts shall not be liable for such damage." No assignment had ever been made of the partition fences between these parties. No particular portion therefore belonged to the plaintiff or defendant to keep in repair. Either party was at liberty under the provisions of R. S. c. 29, to procure a division of the partition fences and an assignment to each of the portion to be by him repaired and kept in repair. Until this be done there can be no neglect by any one "to maintain his part of the partition fence," for he has no part specially designated and set apart for him to keep in repair. This section presupposes a division and an assignment and that the party suffering damage has neglected to keep in repair the part assigned him, in which case alone "the owner of the beasts shall not be liable for such damage." The language of this section is nearly identical with that of the statute of Massachusetts on the same subject, and this view is fully sustained by our own decisions as well as those of that State. *Lord* v. *Wormwood*, 29 Maine, 282; *Thayer* v. *Arnold*, 4 Met. 589; *Sheridan* v. *Bean*, 8 Met. 284. It follows therefore that the plaintiff

cannot sustain his action. By the agreement of parties he is to be nonsuit. *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, WELLS and RICE, J. J., concurred.