Prosper P. Parker et al., Defendants in Error, v. B. F. Johnson, Plaintiff in Error.

Kansas City Court of Appeals, June 14, 1886.

Practice—Dismissal and Reinstatement of Cause Without Notice—Case Adjudged.—Where, in an action on account, and service on defendant, and on trial judgment was for plaintiff, and new trial granted and a voluntary dismissal and judgment for defendant,

and afterwards, but during same term, *without notice to defendant,* plaintiff filed motion to reinstate the cause, the cause was reinstated, *defendant not appearing,* and afterwards judgment was rendered for plaintiff, which was afterwards set aside on motion of defendant, and afterwards, defendant *still not appearing,* judgment was again rendered for plaintiff, which the court refused to set aside, or arrest. *Held,* that plaintiff could *not,* after finally dismissing his cause, and after *final* judgment for defendant, have the cause reinstated at same term, *without notice* to defendant of his motion to that effect. That "*after judgment* the case and the necessity for defendant's presence is presumed to be at an end; and if the opposite party would take any further step, he must give his adversary an opportunity to be present and be heard." Freeman on Judgments, sect. 143.

ERROR to Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed.*

The case is stated in the opinion.

F. TITUS, for plaintiff in error.

I. The plaintiffs went out of court of their own accord, and, being out, were entitled to no further relief in the cause. *Dumey v. Schœffer,* 20 Mo. 323; *Shulter v. Boekwinkle,* 19 Mo. 647; *Pol v. Dominie,* 46 Mo. 113; *Koger v. Hays,* 57 Mo. 339; *Gentry v. Black,* 32 Mo. 542; *Chiles v. Wallace,* 83 Mo. 84.

II. Judgment for plaintiff, after voluntary dismissal by him, is invalid, *without notice* or process on defendant. *Pacific Railroad v. County Court,* 55 Mo. 162; sect. 3239, Rev. Stat.; *Shaw v. Pershing,* 57 Mo. 416; *Briant v. Fudge,* 63 Mo. 489.

KAGY & BREMERMAN, for defendants in error.

I. The court, *during the term,* had all the proceedings in its breast, and it was discretionary with the court to set the final judgment aside, and it did set it aside, and plaintiff in error made no complaint. Freeman on Judgments (3 Ed.) sect. 90; *Dougherty v. Pres't, etc.,* 53 Mo. 428; *Harber v. Railroad,* 32 Mo. 579; *Randolph*

*v. Sloan*, 53 Mo. 155.   The cause then stood as though it had never been tried.

II.   Every presumption is in favor of courts of general jurisdiction.   The court had the right to reinstate the cause, and the presumption is that it did so for a good reason.   The action of the court being discretionary this court will not interfere.   *Hayes v. Gage*, 2 Texas 501 ; *Heydon v. Lockhart*, 1 Bibb. (Ky.) 308 ; Freeman on Judgments (3 Ed.) sect. 124.

ELLISON, J.—This was an ordinary action on an account ; service was had on defendant, and, on trial, judgment was rendered in plaintiff's favor.   Defendant, in due time, filed his motion for new trial, which was granted, whereupon plaintiff voluntarily dismissed the case, and final judgment was regularly entered for defendant "that he go thereof without day, and have and recover his costs," etc.   Afterwards, but during the same term, without notice to defendant, plaintiff filed a motion to reinstate the cause.   Afterwards, defendant not appearing, the motion was sustained and the cause reinstated.

Afterwards, defendant not appearing, judgment was rendered for plaintiff for $1,113.45.   During the same term defendant appeared, for the purpose of his motion, only, and moved to set aside the last judgment, which was sustained.   Afterwards, defendant still not appearing, judgment was again rendered for plaintiffs.   The next day, defendant, appearing specially, filed his motion to set aside and arrest the judgment, and strike the cause from the docket.   This motion was overruled, and defendant brings the case to this court.

The question presented is, could plaintiff voluntarily dismiss his case, and, after final judgment for defendant, have the cause reinstated at same term, without notice to defendant of his motion to that effect ?   I think he could not.   It is true that all proceedings are in the breast of

the court during the term at which final judgment is rendered.

But, because the power exists in the court is no reason why the parties to be affected shall not have notice of the proceedings. If notified and given an opportunity to be heard, they may be successful in convincing the court that its power or authority should not be exercised in the given case.

When once summoned, a party to a cause is in court, and he must take notice of what is done therein up to final judgment, and by such proceedings he is bound. But " after judgment, the case and the necessity for his presence is presumed to be at an end, and if the opposite party would take any further step, he must give his adversary an opportuniiy to be present and be heard." *Wright v. Laclaire*, 3 Clark (Iowa) 221 ; *Delaplaine v. Hitchcock*, 6 Hill 14 ; *Caldwell v. Lockridge*, 9 Mo. 362 ; Freeman on Judgments, sect. 142.

The case of *Caldwell v. Lockridge, supra*, was where an administrator, at the November term, 1838, made final settlement of the estate, had an allowance in his favor and resigned. At the same term, but without notice to the administrator, the court set aside the allowance, and found a balance against the administrator. It was held that the court had the power to vacate the order, or judgment, given during the term, but could only do this after notice to the administrator. That case is cited with approval in *State ex rel. Thomas v. The Treasurer of Callaway County*, 43 Mo. 228.

I think this case should stand on its dismissal by plaintiff. The judgment is, therefore, reversed. All concur.