FRED E. SMITH, Plaintiff in Error, v. FELIX KANDER, Defendant in Error.

#### Kansas City Court of Appeals, June 11. 1900,

1. Judgments: RELEASE: PERSONAL SERVICE: JURISDICTION. Though a defendant be brought into court, yet when final judgment is rendered, he is no longer in court, and a subsequent proceeding to set aside an alleged release of the judgment must be preceded by notice; and mere mailing notice to the defendant without the limits of the state will not confer jurisdiction over the defendant, to set aside such release.

2. ———: ———: RESCISSION. There was a contract to release a certain judgment for a certain consideration, to rescind such release, it is necessary to return such consideration.

Error to the Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

AFFIRMED.

*O. A. Lucas* for plaintiff in error.

(1) The defendant was notified as required under the laws of Wisconsin, and there is no pretension that he did not have actual notice. Wis. Statutes, ·ch. 127, sec. 2818 to 2826, inclusive. The court in Wisconsin was fully authorized, on motion, to set the satisfaction aside where the judgment was not in fact paid. Reid v. Hibbard, 6 Wis. 175; Cohen v. Camp, 46 Mo. 179; Wilson v. Stillwell, 14 Ohio

St. 464; Laughlin v. Fairbanks, 8 Mo. 367; Pier v. Millerd, 63 Wis. 33; Bogle v. Bloom, 36 Kan. 512; Stewart v. Peay, 21 Ark. 117; McNeal v. Hunt, 6 Kan. App. 670; Chapman v. Blackman, 31 Kan. 684; Waters v. Engle, 53 Md. 179; 2 Black on Judgments, sec. 1016. (2) A judgment may be revived in another state without personal service, and be good when sued on in this state, as set forth in the able opinion in Kratz v. Preston, 52 Mo. App. 251; Adam v. Rowe, 11 Me. 89; 2 Black on Judg., sec. 912. (3) How much more should the court brush aside this technical objection where the court of original jurisdiction has merely made the record speak the truth.

*L. H. Watters* for defendant in error.

Submitted a lengthy argument.

ELLISON, J.—This action is based on a judgment rendered against defendant in the state of Wisconsin and afterwards assigned to plaintiff. At the close of the evidence in behalf of plaintiff a demurrer thereto was interposed and sustained and the plaintiff thereupon took a nonsuit, which, the court refusing to set aside, plaintiff brought the case here. The case was heretofore in this court: 58 Mo. App. 61.

The evidence disclosed that plaintiff's assignor obtained a judgment against defendant in 1881 in the state of Wisconsin for $422.31; that court, at that time, obtained jurisdiction over the person of defendant. Afterwards, defendant removed to this state. After his removal to this state a compromise or settlement was made between the parties by defendant paying fifty dollars in cash and executing his ten promissory notes for $30 each, falling due at different dates, plaintiff agreeing to release or satisfy the judgment. (The

words release and satisfaction are used interchangeably). Plaintiff thereupon released the judgment. Several years afterwards, plaintiff served defendant with notice that he would apply to the court in Wisconsin by motion to set aside the release and he afterwards did so, and the court entered judgment setting it aside. There was no personal service of the notice on defendant, he then residing in Missouri. The service was by mailing a copy addressed to him at Kansas City, in the last named state.

The ruling of the circuit court can be justified on either of two grounds. There was no jurisdiction over the person of defendant on the trial of the motion to set aside the release of the judgment. While defendant was in court in the original suit, yet when final judgment was rendered in that cause he was no longer in court and any subsequent proceedings therein should have been preceded by notice to him. Roberts v. St. Louis Mer. Land Co., 126 Mo. 460, and authorities there cited.

The evidence of plaintiff, as before stated, shows a service by mailing a copy of notice from Wisconsin to defendant in Missouri. Such service being outside the territorial limits of the state of Wisconsin was noneffective for the purpose of jurisdiction over the person. The case without the proceeding setting aside the release is left to stand on the judgment as released and affords no evidence of indebtedness. The case of Kratz v. Preston, 52 Mo. App. 251, is not applicable to the facts disclosed in this record.

Again, there is no pretense that the contract of settlement which resulted in the release was the result of a fraud practiced by defendant on the plaintiff. It was a contract where plaintiff received from defendant fifty dollars in money, as well as the notes aforesaid. Plaintiff now seeks to avoid or rescind that contract and has not returned or offered to return the fruits which he received on account

thereof. This he can not do. Och v. Railway, 130 Mo. 27; Alexander v. Railway, 54 Mo. App. 66; Girard v. Wheel Co., 123 Mo. 379-390.

The judgment is affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.