FREDERICK C. LAUN, Appellant, v. EDWARD H. PONATH et al., Respondents.

Kansas City Court of Appeals, January 6, 1902.

1. **Courts:** TERMS: ADJOURNED TERM. An adjourned term of a court is but a continuation of the regular term.

2. **Trial Practice:** APPEARANCE: FINAL JUDGMENT: FURTHER PROCEEDINGS: NOTICE. When a party is summoned or appears to an action he must take notice of all proceedings therein until final judgment; thereafter, he can only be affected by further proceedings on proper notice thereof.

Appeal from Maries Circuit Court.—*Hon. Jas. E. Hazell,* Judge.

Affirmed.

*Thomas M.* and *Cyrus H. Jones,* and *Holmes & Hutchison* for appellant.

(1) The defendants made no appearance, although duly summoned to appear at the October term, 1895, the term of court to which said cause was returnable for trial. The court dismissed said cause for want of prosecution on account of the fact that for some reason not disclosed by the record, the plaintiff failed to reach the court on the third day of the term. The plaintiff appeared during the term, however, and moved to have said cause reinstated. The court reinstated said cause which it had the power to do. All the proceedings had in a court are in the breast of the court during the term at which they were had. Brown v. Foote, 55 Mo. 179; Brownson v. Schulten, 104 U. S. 410; Barrell v. Tilton, 119 U. S. 637; 1 Freeman on Judgments (4 Ed.), sec. 90. (2) The case at bar was reinstated by the court at the October adjourned term of the Maries Circuit Court. This was the same term of court. Brownson v. Schulten, 104 U. S. 410; Fannon v. Plummer, 30 Mo. App. 25; Bell v. Clark, 30 Mo. App. 224; Woodward v. Woodward, 84 Mo. App. 328.

*J. W. Terrill, W. S. Pope* and *C. D. Corum* for respondent.

(1) The court dismissed the suit on the third day of the term. This obviated defendant's appearance, was a final judgment, and put the parties out of court. Davis v. Hall, 90 Mo. 665; Freeman on Judgments (3 Ed.), sec. 12. Where plaintiff dismisses his suit, or permits it to be dismissed, for want of prosecution, such dismissal is a final judgment and disposes of the rights of the parties to the action in the same manner as if there had been an adjudication on the merits. Freeman on Judgments (3 Ed.), sec. 17; Rogers v. Gosnell, 51 Mo. 466. (2) The motion was taken up on the same day it was filed, without notice to, consent by, or appearance of, the defendant. This was error. R. S. 1899, sec. 641; Cashman v. Anderson, 26 Mo. 67; Parker v. Johnson, 22 Mo.

App. 516; Roberts v. Land Imp. Co., 126 Mo. 469; Freeman on Judgments (3 Ed.), sec. 142; George v. Middough, 62 Mo. 549; Kelly v. Hogan, 16 Mo. 215; 3 Enc. of Pleading and Practice, p. 810; Steimett v. Wilson, 19 Ill. App. 38; Laughlin v. Fairbanks, 8 Mo. 371; Howard v. Thornton, 50 Mo. 291; Weyth v. Lang, 54 Mo. App. 147; Hope v. Blair, 105 Mo. 85.

ELLISON, J.—Plaintiff instituted an injunction proceeding to enjoin the foreclosure of a deed of trust. At the first term of the circuit court thereafter, on the third day of the term, being the ninth day of October, 1895, the court entered the following order of dismissal and judgment thereon: "This cause is dismissed at cost of plaintiff for want of prosecution. Wherefore, it is considered by the court and so ordered and adjudged, that defendants recover their costs in this suit laid out and expended, and have execution therefor."

Afterwards, in November, 1895, at an adjourned term, plaintiff by motion asked that the order and judgment aforesaid be set aside and the case reinstated. The court sustained the motion. Defendant had no notice of this motion and did not appear thereto. The court thereupon took up the cause for trial, the defendant not appearing, and ordered a decree for plaintiff. This decree was not properly entered on the judgment record and afterwards, in 1900, the plaintiff moved for the proper entry *nunc pro tunc*. This the court refused to grant, and the plaintiff comes here for relief.

The trial in the circuit court and the briefs here put the case before us on the question of the validity of the order reinstating the cause at the November adjourned term, as shown above, without notice to defendant.

The adjourned term was but a continuation of the regular term, and from this plaintiff contends that since all orders and judgments are in the breast of the court during the term, and

may, during the term, be set aside or modified, the order setting aside the judgment first rendered in this cause was valid. That does not necessarily follow. "The rule is that when a party is summoned, or enters his appearance, in the absence of a statute to the contrary, he must take notice of all proceedings taken in the cause until final judgment is rendered." Jackson v. Fulton, 87 Mo. App. 228, 237, 238. But "after judgment, the case and the necessity for his presence is presumed to be at an end, and if the opposite party would take any further step, he must give his adversary an opportunity to be present and be heard." Parker v. Johnson, 22 Mo. App. 516. That case is based on that of Caldwell v. Lockridge, 9 Mo. 362, and other authorities. Since then, the same rule is stated by the Supreme Court in Roberts v. St. Louis M. L. Co., 126 Mo. 460 Plaintiff has cited us to the recent case of Aull v. St. Louis Trust Co., 149 Mo. 16, as stating a different rule; but it does not; on the contrary, it cites the case of Caldwell v. Lockridge, supra. In the Aull case there was notice and the decision of the court is put upon that ground. It is true, the court in that case quotes from a case decided by the Texas Civil Court of Appeals, where it is stated that a judgment may be set aside during the term without notice, but that was merely a quotation made in the course of the discussion of the subject, and it was nowhere intimated that any different rule was to be announced from that stated in Caldwell v. Lockridge. So in the case of Brown v. Foote, 55 Mo. 178, while it does not appear whether there was notice of the motion to reinstate, the case shows that the defendant appeared to the motion.

We have examined plaintiff's argument and brief made against the ruling of the trial court, but fail to discover therefrom any reason why the judgment should be disturbed, and it is accordingly affirmed. All concur.