# COURTS OF APPEALS

AT THE

## MARCH TERM, 1902.

---

*(Continued from Volume 93.)*

94    1
102  ¹446

## A. G. JONES, Respondent, v. FERDINAND HABBER-MAN, Appellant.

**Kansas City Court of Appeals, April 7, 1902.**

1. **Fences and Inclosures: COMMON INCLOSURES: COMMON LAW: DIVISION FENCE.** Adjoining proprietors whose possessions have a common-law outside inclosure must at common law each keep his cattle off the other's field unless they have established a division fence and each maintains his part, and then each party will only be liable to the other when his trespassing cattle pass through his part of the division fence.

2. ———: **RESTRAINING ANIMALS: COMMON LAW: RE-PLEVIN: APPELLATE PRACTICE.** In a replevin suit, defendant defended his possession of the stock in question under the statute restraining animals from running at large which applies solely to outside fences and he can not, therefore, in the appellate court defend on his common-law right.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

Vol 94 app—1

(1)

*Robt. M. Reynolds* for appellant.

(1)   In this case, the cattle may have come into defendant's fields from the commons.   In order to make the defense of adjoining proprietors under a common inclosure, with agreed division fence, it must appear that the cattle escaped through the division fence without the party's fault.   If they escaped in any other manner than through the fence, then it matters not, the defense can not be made.   O'Riley v. Diss, 41 Mo. App. 184; Hopkins v. Ott, 57 Mo. App. 296; Mackler v. Schuster, 68 Mo. App. 674; Field v. Bogie, 72 Mo. App. 186; Wood v. Kelly, 82 Mo. App. 598; Jackson v. Fulton, 87 Mo. App. 235.   (2)   Under the common law, the stockowner was bound to keep his stock on his own premises, and if he failed to do so, and they escaped upon his neighbor and there did damage, the injured party had a double remedy— either by action for damages sustained, or by distraining the stock doing the damage, until satisfaction was made him for such damages by the owner.   Cooley's Blackstone (3 Ed.), side page 211; O'Riley v. Diss, 41 Mo. App. 184.   (3)  By the inclosure statutes it becomes the duty of the landowner to take care of his fields, and to the extent of the duty thus imposed upon him, the duty of the cattle-owner under the common law has been abrogated.   O'Riley v. Diss, 41 Mo. App. 184; Jackson v. Fulton, 87 Mo. App. 235; Hopkins v. Ott, 57 Mo. App. 296; Field v. Bogie, 72 Mo. App. 182.

*Harvey & Gower* for respondent.

(1)   The whole theory of the defense in this case was based on the inclosure statute, as shown by the testimony and instructions asked by defendant.   The undisputed testimony was that the fence between plaintiff and defendant was a division fence.   Such being the case, the inclosure statute has no application, but applies solely to outside fences.   Reddick

v. Newburn, 76 Mo. 423; Field v. Bogie, 72 Mo. App. 185; Jackson v. Fulton, 87 Mo. App. 228. (2) There was no contention on the trial of this case, but that plaintiff's cows escaped through the division fence and that the premises of plaintiff and defendant were under a common inclosure. He can not be permitted now to assume a position inconsistent with that taken by him in the trial court. Hill v. Drug Co., 140 Mo. 433; Pope v. Ramsey, 78 Mo. App. 157. (3) The common law as to the restraint of cattle running at large, has never been in force in this State. Hughes v. Railroad, 66 Mo. 327; McPheeters v. Railroad, 45 Mo. 25; Tarwater v. Railroad, 42 Mo. 193. Nor does the statute, as contended by appellant, restore the common law. Jackson v. Fulton, 87 Mo. App. 228.

ELLISON, J.—This is an action of replevin wherein plaintiff seeks to recover judgment for the possession of six head of cows. The trial court, at the close of testimony for both parties, gave a peremptory instruction directing a verdict for plaintiff, which was thereupon rendered with nominal damages.

The evidence discloses, partly in direct terms and partly by necessary inference, that plaintiff and defendant occupy adjoining fields under a common outside inclosure; the plaintiff's field being in pasture and the defendant's in corn. That plaintiff's cows were in his pasture and went from there over into defendant's field and destroyed some of the corn there standing, whereupon defendant put them in his barn and detained them under the stock law (chap. 69, art. 2, R. S. 1899); that law having been adopted in Saline county. He began proceedings under said law to have his damages assessed. The evidence for plaintiff further showed that some years previous there had been erected by defendant and plaintiff's landlord, a partition fence between their fields, and the portion each to keep in repair was set apart. But the court declined to

allow defendant to show that the fence was never in fact built.

Where adjoining fields of different proprietors are under a common outside inclosure, the common law applies and each proprietor must keep his cattle off the other's field. O'Riley v. Diss, 41 Mo. App. 184; Jackson v. Fulton, 87 Mo. App. 235. But if the proprietors of such fields agree upon a division fence and the part each shall maintain, then the parties may turn their cattle into their respective fields without being liable for their going into the field of the other, unless they get through a defective portion of the fence which their owner was bound to maintain under the agreement. Hopkins v. Ott, 57 Mo. App. 292; Field v. Bogie, 72 Mo. App. 186.

But as defendant's offer to show that no partition fence was built under the agreement above referred to was rejected by the court, we must, in view of the peremptory instruction to the jury to find for plaintiff, assume that he could have established the offer as a fact. In such condition of the evidence the case is this: The parties occupied adjoining fields under a common outside inclosure, with no division fence between. In such case plaintiff was under obligation to keep up his cattle so that they could not go over into defendant's field. He was liable to defendant at common law for damages caused by their trespassing upon him. Defendant could sue for the trespass or he could distrain the cattle *damage-feasant* and hold them for the trespass in any manner permissible by the common law. 3 Blackstone, 7, 13, 211. But defendant did not assert his common-law right. He based his right to the possession under the stock-law statute aforesaid. But that statute applies to outside fences. It has no application to cattle escaping from one field to another which are under a common inclosure. Jackson v. Fulton, 87 Mo. App. 235. Defendant must abide by the case made in the trial court and he can not set up a theory here different from the one presented for the decision of the trial court. Hill v. Drug

Co., 140 Mo. 433; Hall v. Goodnight, 138 Mo. 576; Stewart
v. Outhwaite, 141 Mo. 562; State ex rel. v. O'Neill, 151 Mo.
67; Seymour v. Newman, 77 Mo. App. 578; Pope v. Ramsay,
78 Mo. App. 157.

The trial court's ruling was right on the case presented
for decision. The cattle were confessedly plaintiff's with the
general right of possession except as to defendant's special
common-law right of possession to secure damages under that
law. This was the only defense which could defeat plaintiff's
general property and right of possession.

We have gone carefully over the brief and argument pre-
sented for defendant and find that conceding the main propo-
sitions advanced, he yet can not resist plaintiff's right flowing
from his ownership, except by adopting a theory here—indeed,
asserting a right here—not asserted at the trial. The judg-
ment is therefore affirmed. All concur.