# EDWIN C. CURFMAN, Respondent, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellant.

## Kansas City Court of Appeals, November 25, 1912.

1. **INSURANCE: Residence of Defendants: Service: Jurisdiction.** Where one of the defendants is a foreign insurance company doing business in this State and the two remaining defendants are residents of this State, but not of the county in which the action is brought, and neither of the defendants is found in the county in which the action is brought, yet such action may be legally instituted in such county and summons issued against the insurance company to the county where the State Insurance Superintendent has his official residence, and summons for the other defendants issued to the county where they reside.

2. **————: Residence of Insurance Company.** For the purpose of instituting an action, a foreign insurance company is regarded as an inhabitant of every county and township in the State.

3. **————: ————: Dismissal of Other Defendants.** The fact that the action is dismissed as to the individual defendants will not affect the status of the action against the insurance company.

4. **PROCESS: Service: Notice: Duty of Parties.** When a party is duly served with summons, it is his duty to attend the court and to take notice of the time the cause is set for hearing on the docket. He is not entitled to a notice of the time when the cause will be taken up for trial.

5. **PLEADING: Plea in Abatement: Answer: Jurisdiction.** There is but one answer known to the code and matters in abatement which affect the jurisdiction of the court over the person of the defendant as a matter of law, such as challenge the right to sue him in the county where the action is instituted, should be joined with matters of defense on the merits, if any. If the matter of abatement consists of objection to the summons, or its service, it should be asserted by motion to quash.

6. **PLEADING: New Trial and Arrest: Time to File Motions: Suggestions to Court: Effect.** A written suggestion, filed without leave and without notice, after the time for filing motions for new trial and in arrest has expired, asking the court of its

own motion to set aside a judgment, which goes over to a suc-
ceeding term without knowledge of its being on file, does not
have the effect of suspending the judgment and it is properly
overruled at the succeeding term.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*New & Krauthoff, Arthur Miller* and *R. L. Mc-Dougal* for appellant.

*A. F. Harvey* for respondent.

ELLISON, J.—The board of regents of the fifth
district normal school, at Maryville, Missouri, were
constructing a school building at or near that city in
October, 1909, and let a contract to D. E. Marshall &
Co., a partnership composed of D. E. Marshall and O.
M. Evans, for part construction thereof. The board
required these contractors to execute a bond, with
surety, that they would comply with their contract and
pay for all labor and material going into the building.
In compliance with this requirement, they executed a
bond with the Fidelity and Deposit Company of Mary-
land as surety. This corporation of the State of Mary-
land was authorized to execute such bonds by the in-
surance laws of this State; and in compliance with
those laws it authorized the State Insurance Superin-
tendent of Missouri, located at the State Capitol in
Cole county, as its agent, to receive or accept service
in all actions arising in the courts in any county in
this State. [Sec. 7042, R. S. 1909.] In the course of
construction of the school, Marshall & Co. failed to
pay plaintiff for certain material bought of him for
the building and in consequence of such failure plain-
tiff instituted this action in the Nodaway County Cir-
cuit Court. Both Marshall and Evans resided in Jack-
son county, Missouri, and summons was issued and

served upon them in that county.  A summons was also issued against the Fidelity and Deposit Company of Maryland, directed to the sheriff of Cole county, for service upon the State Insurance Superintendent and service was had.  Pleas in abatement were filed at the November term of court, jointly by Marshall and Evans and separately by the surety company, the appearance of the parties being limited to that purpose.  The ground alleged for abatement was that the defendant surety company was a nonresident of the State and that the other defendants were nonresidents of Nodaway county and that neither of them was found in such county.  During the November term, on the 24th of that month, the case was called, when plaintiff dismissed as to Marshall and Evans.  The surety company made default, whereupon, a jury being waived by plaintiff, evidence was heard on plaintiff's claim and judgment rendered for the penalty of the bond and the damages assessed to plaintiff at $935.

In the following month (December 18) the surety company, "appearing for that purpose only, suggests to the court that of its own motion, it set aside the judgment in the cause," and for reasons therefor stated that the action was not properly brought in Nodaway county, since Marshall and Evans were not residents of the county and the surety company was a nonresident, and none of them was found in that county, "and that neither of said defendants were served in this county as required by the first clause of Sec. 1751, R. S. 1909."

The clerk of the court indorsed a filing on this suggestion as thus written by the surety company, but no notice was given of its filing and the court's attention was not called to it.  Afterwards, on the 26th of January, 1912, execution was issued on the judgment.

At the February, 1912, term, being the next term after the judgment was rendered, defendant surety company called up its suggestions filed at the last term, as above mentioned, and they were overruled by the court.

On the first of March, 1912, during the February term, defendant surety company filed an amended or supplementary motion to set aside the judgment rendered against it at the former term as above stated, and afterwards on the 9th of March filed its motion to quash the execution issued as stated. Both these motions were overruled, and this appeal was taken from the order of the court refusing to set aside the judgment and refusing to quash the execution.

The record in the case is somewhat voluminious but the questions decisive of the appeal clearly ought to be answered in favor of plaintiff. The position taken by defendants at the start and insisted upon on all occasions afterwards, and upon which is really built all complaint, seems plainly erroneous. That is, that the trial court did not have jurisdiction of the defendants so as to render a valid judgment in the cause. This idea is based altogether upon the assumption that the action could not be brought in Nodaway county unless all of the defendants were nonresidents as provided by the fourth clause of sec. 1751, R. S. 1909. And the further assumption that the surety company was a nonresident and that therefore since Marshall and Evans were residents of Jackson county, the suit should have been brought in the latter county as provided by the third clause of that section. This position of defendants leaves out of view the provisions of section 7042, which direct that service may be had on the Insurance Superintendent in an action begun in *any* county in the State and that such service shall be binding and deemed personal. For the purposes of venue in civil actions against the defendant surety company, it was a resident of Nodaway

county, and the circumstance that the writ of summons was issued to and served in Cole county, the official residence of the Superintendent of Insurance, can make no difference under the provisions of the statute above mentioned. [State ex rel. v. Grimm, 239 Mo. 135, 166; Meyer v. Ins. Co., 184 Mo. 481.] The action being properly brought against the surety company, as though such company was a resident of Nodaway county, seemed to justify the plaintiff in joining the defendants Marshall and Evans as codefendants, under the second clause of section 1751. But such joinder is of no consequence here, since the action was dismissed as to Marshall and Evans, leaving the action properly brought against the remaining defendant.

The action being properly brought and the court having complete jurisdiction and judgment being rendered, it leaves defendant without any cause of complaint unless it be on the following grounds:

It appears that in entering the dismissal of the cause, the clerk did not enter a formal judgment of discharge that they "go hence without day," and upon this the surety company has raised a question as to the validity of the judgment subsequently rendered against it, claiming that a judgment should dispose of all the parties to the action. We do not see how such omission can affect the surety company. The dismissal was not caused by a hearing, nor by any adverse ruling of the court. It was a voluntary dismissal by plaintiff before trial, and the entry of the clerk was sufficient evidence of that fact. [Davis v. Hall, 90 Mo. 659, 665.]

Judging by statements of counsel, they consider the court proceeded to hear the plea in abatement and thereafter the merits of the cause, without notice to them. We need not notice the circumstance of several different counsel appearing at different stages of the controversy. Defendant was regularly summoned

into court to answer plaintiff's complaint. In the absence of any rule of court, it was not entitled to any further notice. It was its duty to look after the case and to attend court upon the day the cause was docketed for trial. If we are permitted to notice colloquy between court and counsel which appears in the record, we would judge reliance was placed by counsel in the rules of court and practice of attorneys in Jackson county, Missouri, a county one hundred miles or more from Nodaway and not in the same circuit. Such consideration could not affect the rulings in the case.

No answer to the merits was joined with the plea in abatement. There being but one answer known to the law, when the plea in abatement was filed it should have contained also a statement of whatever defense there was on the merits. Where the objection is to insufficiency of the summons, or of the service of the summons, the objection should be taken by motion to quash. But if the objection is not to the sufficiency of the summons or its service, but that the court had no jurisdiction of the person of the defendant as a matter of law, then such matter is abatement which should be set up in the answer. [Thomasson v. Ins. Co., 217 Mo. 485, 493-495, 498 (distinguishing Meyer v. Ins. Co., 184 Mo. 487); State ex rel. v. Grimm, 239 Mo. 135, 171-177.] Here the objection made by defendant was not to the sufficiency of the summons, or its service, but was based on the claim that under the law it could not be sued in Nodaway county jointly with the other defendants who were not residents of such county. This, as we have said, was such matter of abatement as should have been set up in an answer; and treating the plea of these matters in abatement as an answer, it did not contain any matter of defense on the merits, as it should have done if a defense of that kind was intended. Therefore, there being no answer to the merits, when the trial court at the hearing of the matter of abatement ruled the law against

defendant's contention, the case stood for hearing on plaintiff's claim.

But, for the purpose of meeting defendant's contention in its entirety; let it be admitted that the plea filed was one in abatement as distinguished from an answer. When the ruling was made against the plea, no offer to answer to the merits was made and the court could do no less than proceed to a hearing of plaintiff's claim. To this defendant says that it was not present, that it did not know of the hearing and had no opportunity to answer. It was, however, its duty to know and to be present. We have not found any ground whatever to justify us in saying that defendant made a showing which at all justified its course or that there was an abuse of discretion in hearing the case.

But defendant, in effect, says that the foregoing may be conceded, yet when it filed its motion to set aside the judgment, though a month after it was rendered, as it was during the same term and not disposed of, it went over to the next term and had the effect of suspending the judgment. It has been ruled that if a party files a motion to set aside a judgment, though after the four days for motions for new trial has expired, yet if it goes over to the next term, it suspends the judgment and may be sustained at such succeeding term. [Childs v. Railroad Co., 117 Mo. 414; Harkness v. Jarvis, 182 Mo. 231.] We, however, have not that character of case. This defendant did not file a motion, or ask that anything be done as a matter within its legal rights. It filed a *suggestion* that the court act of its *own motion*, as is shown by the following paper: "Comes now the defendant and appearing for that purpose only, suggests to the court that of its own motion it set aside the judgment in the above entitled cause and for reasons therefor states:" (setting out lack of jurisdiction, nothing being said of

its absence at the hearing). It seems that this was filed without notice and without leave or calling attention of the court thereto. It is claimed that it had the effect of suspending the judgment and carrying it over to a succeeding term. It was not within defendant's power in that way to deprive plaintiff of his judgment. When a judgment is rendered and the four days allowed by statute for filing motions for new trial or in arrest of judgment, have expired, and the defendant seeks to take further action in the case, he should notify the plaintiff. Otherwise a plaintiff, to protect himself, would be forced to keep in daily attendance on the court to the end of the term, which may be a space of months. [Roberts v. St. Louis M. L. Co., 126 Mo. 460.] We have so decided in a number of cases. [Parker v. Johnson, 22 Mo. App. 516; Smith v. Kander, 85 Mo. App. 33; Jackson v. Fulton, 87 Mo. App. 228, 238; Laun v. Ponath, 91 Mo. App. 271.] And the St. Louis Court of Appeals has recently so stated the law. [Konta v. Stock Exchange, 150 Mo. App. 617.]

We must therefore regard the suggestion filed by the defendant as not affecting the case; and of course the amendment thereto filed at the next term cannot aid defendant.

We may add that we have not referred to the fact that the appeal in this case was not taken from the judgment in the cause. The application for such appeal is from the judgment overruling the motion to set aside the judgment proper. It is not necessary to say whether the appeal in such cases should not be taken from the judgment instead of from the order refusing to set it aside.

The judgment is affirmed. All concur.