## LEE L. BOWLES, Respondent, v. WILLIAM H. PRENTICE, Appellant.

### St. Louis Court of Appeals, January 5, 1915.

1. **ANIMALS: Stock Law: Fences.** The Stock Law (Sec. 772, R. S. 1909) supersedes the inclosure statute in those counties in which it has been adopted.

2. ———: ———: ———: **Liability for Trespassing Cattle.** Under the Stock Law (Sec. 772, R. S. 1909), the owner of cattle is liable for damages done by them to the land of another, although such land is unfenced.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*F. H. McCullough* for appellant.

This suit is based upon section 772, R. S. 1909. Said section cannot apply to the case because the evidence of all parties shows that the stock was not running at large, but was kept in an enclosure fenced by all parties to the suit, with a sort of partition fence between the lands of plaintiff and defendant, which

was maintained by defendant alone, on defendant's land. Section 772, R. S. 1909; Jackson v. Fulton, 87 Mo. App. 228; Jones v. Habberman, 94 Mo. App. 1; Gilmore v. Harp, 92 Mo. App. 77-386. The statute restraining animals from running at large, relates to animals coming upon the premises from the outside, and has no application to the case of adjoining proprietors under a common enclosure. The relations of such proprietors are regulated by the partition fence statute. Jackson v. Fulton, 87 Mo. App. 241.

*Hilbert & Henderson* and *A. F. Haney* for respondent.

The effect of the stock law statute is to permit one to allow his field to go unfenced and yet recover damages occasioned by stock running at large. Jackson v. Fulton, 87 Mo. App. 228, 241.

NORTONI, J.—This is a suit for damages accrued to plaintiff because of defendant's cattle trespassing upon his premises. Plaintiff recovered and defendant prosecutes the appeal.

It appears that the stock law—that is, section 772, Revised Statutes 1909—restraining animals from running at large, is in force in Lewis county, and the suit proceeds thereunder. Plaintiff and defendant own and reside upon adjoining farms in Lewis county. The two places are separated by the Little Fabius river— that is to say, the plaintiff's farm, consisting of forty acres, lies east and north of the Little Fabius river, while the farm of defendant is on the opposite side of the stream. It is said the river marks the line be-. tween them. The evidence is, that no division or partition fence is maintained by the parties between their farms, and, indeed, no such fence was ever established or maintained. Moreover, the parties do not adjoin

186MoApp36

fences at any point.  Touching this matter, the evidence is:

"Q.  On direct examination I believe you said that Mr. Prentice's fence does not adjoin you anywhere? A. It does not."

As before said, the Little Fabius river marks the line between the two farms, and plaintiff maintained no fence whatever, but defendant maintained a wire fence on his side of the river, upon his own land. It appears defendant's cattle, at pasture within his inclosure on the opposite side of the river, escaped therefrom by some means and trespassed upon plaintiff's fields so as to destroy his corn and other crops.

It is argued the court erred in submitting the case to the jury for the reason that the stock law applies to outside fences only and is without influence in those cases where it appears the cattle escaped from a neighboring field under a common outside inclosure through a division fence, and came upon the land of an adjoining proprietor.  The case of Jackson v. Fulton, 87 Mo. App. 228, is relied upon, but it is obviously not in point.  There, the two adjoining landowners occupied each his own land under a common outside inclosure with no established partition fence between them.  But here there appears to be no common outside inclosure for the two farms, and, indeed, the evidence is direct and positive that the fences of the two proprietors do not adjoin at all anywhere.  Also it appears that there is no division or partition fence between them.  The Little Fabius river marked the dividing line between the premises of plaintiff and defendant and plaintiff maintained no fence at all, either on his own account or in connection with defendant.

That the stock law statute supersedes the inclosure statute in counties where it is adopted and that its effect is to permit one to allow his fields to go unfenced and yet recover damages occasioned by stock running at large and entering thereon, is not ques-

tioned. [See Jackson v. Fulton, 87 Mo. App. 228, 241.] Plaintiff was not required to fence his field from the incursions of the stock of others and he omitted to do so. There is no question of a common inclosure for the two fields, neither is there one concerning a division fence in the case, and it appears that defendant's cattle, which the stock law required him to keep impounded, escaped from his premises and entered upon those of plaintiff, to his damage. It does not appear from whence the cattle came upon the premises of plaintiff whether through defendant's fence on his own land and across the creek or from some other quarter, and the case is clearly one falling within the protection of the statute dispensing with the obligation to fence against cattle running at large.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.