Adair v. Curry.

C. L. ADAIR, Respondent, v. L. S. CURRY, Appellant.

Kansas City Court of Appeals, May 16, 1904.

1. ANIMALS: Trespass: Instruction: Verdict.    If one's cattle trespass upon another's premises the latter may retain them until the damages are adjusted; and where by agreement he retains a part until the damages for all are adjusted he is entitled to possession of the part until his damages are satisfied; and the verdict in this case is against the instruction.

2. ———: ———: Estoppel: Distraint. Where one permits his neighbor's cattle to trespass on his premises for four months without objection he is estopped to distrain the latter's cattle and set up a claim for damages for the entire time just as the cattle owner is moving from the neighborhood with the cattle.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*H. J. West* for appellant.

(1) If the lands of adjoining proprietors are under a common outside enclosure, and they have not established or agreed to establish a division fence, they are bound, under the common law, to keep their cattle on their own premises. Redick v. Newburn, 76 Mo. 423; O'Riley v. Diss, 41 Mo. App. 184; Hopkins v. Ott, 57 Mo. App. 292; Mackler v. Schuster, 68 Mo. App. 670; Jackson v. Fulton, 87 Mo. App. 228; Gilmore v. Harp, 92 Mo. App. 386; Jones v. Habberman, 94 Mo. App. 1; Growney v. Railroad, 76 S. W. 671. (2) If the lands of adjoining proprietors are not under a common outside enclosure they are bound, under the stock law, to keep their cattle on their own premises. R. S. 1899, secs. 4777 and 4781. (3) All the evidence shows that defendant took up plaintiff's cattle while they were trespassing on his land. The trespass being conceded, damages are a necessary consequence. We had as well speak of a rightful assault, or a justifiable murder, as a trespass without damages. 3 Cooley's Blackstone (3 Ed.), p. 209. (4) Defendant had either of two remedies: He could sue in trespass for damages, or he could distrain the cattle damage feasant. 3 Cooley's Blackstone (3 Ed.), p. 221; 2 Am. and Eng. Ency. Law (2 Ed.), p. 358; Jones v. Habberman, 94 Mo. App. 1.

*Clarence Kendrick* for respondent.

(1) A mere license to live upon land and do certain acts thereon may be granted without creating the relation of landlord and tenant, or giving any other right than those conceded or granted by the license, is the doctrine laid down in the case of Callen v. Helton, 14 Pa. St. 286. This was the exact situation in the case at bar. The specific purpose of the license was pasturage. Tiedeman on Real Property (1 Ed.), 497; Selden v. Canal Co., 29 N. Y. 640; Pratt v. Ogden, 34 N. Y. 20;

Prince v. Case, 10 Conn. 375. (2) When the statutes provide for the taking of trespassing animals damage feasant, all proceedings must be strictly in conformity thereto, or the distrainor will be liable as a trespasser *ab initio*. 2 Am. and Eng. Ency. of Law (2 Ed.), p. 360; Irwin v. Maddox, 138 Pa. St. 466; Armbruster v. Wilson, 43 Hun (N. Y.) 261.

BROADDUS, J.—This is a suit in replevin for two calves. It was begun in a justice's court, appealed after trial from there to the circuit court, where plaintiff recovered, and then appealed to this court by defendant.

Plaintiff and defendant occupied adjoining parts of the same farm. Plaintiff grazed his cattle, consisting of the two calves in controversy and one other calf and two cows, in a small pasture adjoining defendant's meadow and from August until December they had gone from the pasture into the meadow without hindrance, the fence being insufficient at all times to turn stock. On the first of December, defendant found all of said cattle on his meadow, took them up and notified plaintiff that he had done so. The latter went for his cattle and carried away all but the two calves. On the trial defendant claimed that plaintiff left them by agreement that defendant should retain them until the damage done by all the cattle should be settled. This was denied by plaintiff. This suit was instituted on December 2, 1902, the day following that on which plaintiff went after the cattle. It was known to both parties all the while that the cattle were trespassing on defendant's meadow but it does not appear that any disagreement arose over the matter until December.

The farm in controversy belonged to the defendant and the plaintiff went into possession of the part mentioned under the following writing:

"Marceline, Mo., April 21, 1902.

"This is to certify that I, L. S. Curry, do hereby permit Chas. Adair to move on what is known as the

Bradley place, to-wit: E. half N. W. 9-56-18, county of Chariton, State of Missouri, and to occupy the house and have the use of all fruit on or in orchard, have half acre for garden, have all the little pasture east and the little field east of pasture all for pasture only, and to have the use and control of same until on or before December 1, 1902, or till such time as he may obtain possession of the place this day sold to him by me.

"C. L. ADAIR,
"L. S. CURRY."

It was agreed that the law restraining stock from running at large was in force in the county.

The court substantially instructed the jury that if defendant was damaged by the trespass of plaintiff's cattle they would find for defendant for such damages as was caused by the two calves, unless they further found that plaintiff agreed with defendant that he might retain the same until the damage done by all the cattle should be adjusted, in which event they should find for all such damages. No instructions were asked by either party excepting one by defendant in the nature of a demurrer, and which was refused, and those given were on the motion of the court.

The verdict of the jury was that the defendant was not damaged. But there must have been some damage to his grass, for which reason it is plain that the jury disregarded the instructions of the court. If the instructions were proper the verdict of the jury was against the law. The instruction in the abstract is in harmony with a late decision of this court. Jones v. Habberman, 94 Mo. App. 1.

But plaintiff contends that defendant under the evidence was estopped from claiming damages for the alleged trespass. It was shown that notwithstanding he knew all the time that the fence was insufficient and that plaintiff's cattle went in and out of his meadow at will he never at any time made complaint to plaintiff that his stock was eating his grass; and that, finally,

while plaintiff was moving away from the premises defendant distrained his cattle and notified him that he was damaged $25 and that he would hold his cattle until such damage was paid. Defendant ought not to be permitted, after having practically consented to the trespass, at last to take advantage of plaintiff when he was in the act of moving his property from the premises, and he could no longer be damaged, to distrain his cattle and set up a claim for damages for the entire time of plaintiff's occupation. His conduct was such as was calculated to lead plaintiff to believe that no such claim would be made. Having put plaintiff in possession with the right of pasturage and knowing that the fence would be insufficient to permit his cattle from going on his meadow, alone would not have authorized plaintiff to allow his stock to trespass on his meadow; but when defendant saw and knew that they were doing so he ought to have made his objections at the beginning. The plaintiff was not a willful trespasser. When he found his cattle in defendant's meadow he took them out. Evidently he was led to believe that his neighbor, knowing the condition of the fence, was not complaining because he was doing the best he could. Thus matters went along for four months when defendant distrained his cattle for the trespass. Plaintiff's attorney has properly likened defendant's conduct to that of that most crafty insect which figured so successfully in the tale of ''the spider and the fly.''

Notwithstanding the jury disregarded the instructions of the court we believe the finding and judgment was for the right party; and for that reason the cause is affirmed. All concur.